ERASTUS J. STANTON, TRUSTEE, v. THE ESTEY MANUFACTURING COMPANY.

*Practice in circuit court—Appeal—Error without prejudice—Estoppel—Evidence.*

1. Where concessions of counsel are recited in the charge to the jury, they will be presumed to have been made, unless the record shows that before the jury retired the attention of the court was called to the matter, and an opportunity given for correction.

2. The objection that plaintiff cannot recover because only described in the declaration as "trustee," when he should have counted in his representative character, is ruled by *Smith v. Pinney*, 86 Mich. 492.

3. Where actual notice of a chattel mortgage is shown, evidence of its filing, though improperly admitted, is error without prejudice.

4. A party who puts another in possession of property, together with the muniments of title or *indicia* of ownership, may be estopped from afterwards setting up title in himself as against a *bona fide* purchaser for value; but, in order to avail himself

of such estoppel, the purchaser must show that he relied upon and was misled by such possession and muniments of title.

5. After the execution of a chattel mortgage upon a quantity of saw-logs to secure the payment of certain discounted drafts drawn by the mortgagee upon the mortgagors, it was agreed between the parties to the mortgage and the holders of the drafts that the mortgagors should waive the conditions of the power of sale, and that the mortgagee should proceed under the mortgage, manufacture the logs into lumber, and market the same, pay the expenses, take up the drafts, and pay the surplus, if any, to the mortgagors, whereupon the mortgagee assigned the mortgage to himself as trustee; which assignment is held to give him the undoubted right to follow the mortgaged property.

6. Errors assigned upon the exclusion of testimony which was subsequently admitted will not be considered.

7. In a suit by a mortgagee to recover for logs sold by a mill-owner, to whom they had been delivered for the purpose of manufacture by the mortgagor, who had mortgaged them prior to such sale, the plaintiff may show the relations existing between the mill-owner and his vendee, and to that end that the vendee held a mortgage on the mill property.

8. Evidence of the failure of the mill-owner to make any claim of ownership of the logs during conversations with an employé who represented the mortgagors, such conversations tending to show that such employé had given directions for the mortgagors as owners of the logs regarding their scaling and acceptance or rejection, is admissible.

Error to Shiawassee. (Daboll, J., presiding.) Argued November 10, 1891. Decided January 22, 1892.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*C. W. Giddings* and *G. R. Lyon,* for plaintiff.

McGRATH, J. This is trover for the conversion of certain logs.

Plaintiff, acting for Dwight & Co., of Detroit, prior to February 23, 1889, had arranged with J. W. Holm,

who had a saw-mill at Middleton, that he (Stanton) should furnish the cash and pay for logs to be delivered at Holm's mill; that Holm should saw the logs into lumber; that Dwight & Co. would take the lumber at certain fixed prices; that Holm should retain the mill culls, and be charged, as against the price to be paid for the lumber, the price paid for the logs, and Dwight & Co. should pay the difference. About 80,000 feet of logs were bought under this agreement, delivered at Holm's mill, and about 8,000 feet had been sawed and the lumber delivered. Dwight & Co. became involved, and on the date last named executed a chattel mortgage to plaintiff covering these logs, with others at other points, to secure the payment of certain drafts drawn by Stanton on Dwight & Co. and held by certain banks. The chattel mortgage was filed in Detroit, and in the township where Holm's mill is located. On April 17, 1889, an agreement was entered into between Stanton, Dwight & Co., and the banks holding the paper, by the terms of which Dwight & Co. waived the conditions of the power of sale in the mortgage, and it was agreed that Stanton should have full power and authority to proceed under the mortgage, manufacture the logs into lumber, pay the expenses, take up the drafts aforesaid, and pay the surplus, if any, over to Dwight & Co. Stanton thereupon assigned the mortgage to himself as trustee. When Holm learned of Dwight & Co.'s financial embarrassment, he shut down the mill, and in March following gave a bill of sale of the logs to Phinney, and Phinney sold to defendant.

Defendant contends that Dwight & Co. had simply advanced the money to buy the logs, and that the title to the logs vested in Holm, and, in any event, that, plaintiff having placed the logs in Holm's possession and stamped them with Holm's log-mark, defendant is

an innocent purchaser without notice and for value, and plaintiff is estopped from setting up title as against defendant.

The jury found for plaintiff, and defendant appeals.

Several assignments of error relate to the admission and exclusion of evidence as to the quantity and value of the logs, and the amount paid for them; but the court instructed the jury that, if they found "for the plaintiff, I think there is no dispute about the amount; it has been testified to, and the figures here given are conceded to be correct."

The admissions and concessions of counsel are not always made during the taking of testimony. They may be made during the argument, and in such case do not appear in the record. If recited in the court's instructions to the jury, such concessions will be presumed to have been made, unless the record shows that immediately, or before the jury has retired, the court's attention has been called to the matter, and an opportunity given to the court to correct the charge in that respect. Here no question was raised until the errors were assigned, and in such case it will be presumed that the court was warranted in so instructing the jury. This being the case, the question of the quantity and value of the logs, and the amount paid for them, was not determined by the jury, and the admission or rejection of testimony regarding those matters will not be considered here.

Defendant insists that, inasmuch as plaintiff is described in the declaration as "Erastus J. Stanton, trustee," he cannot recover; but this point is expressly ruled by *Smith v. Pinney,* 86 Mich. 484, 492.[1]

---

[1] The declaration, aside from containing the word "trustee" immediately after the name of the plaintiff, counted in his favor in his individual character.

Error is assigned upon the admission of the chattel mortgage, and because the court allowed proof of the filing of the same in the township. The chattel mortgage was part of plaintiff's chain of title. The agreement referred to it, and it was properly admitted. The admission of proof that it was filed in the township could not have prejudiced defendant. Defendant did not claim through the mortgagors, and the proof of filing did not aid plaintiff's title. It is urged, however, that the jury may have regarded the filing as constructive notice of title. No such claim was made for it. Uncontradicted testimony shows that defendant had actual notice of plaintiff's claim of title before defendant paid for the logs, and that Phinney had sufficient notice to put him upon inquiry. Actual notice having been shown, defendant could not have been prejudiced by proof which the jury may have regarded as tending to show constructive notice.

The defendant requested the court to instruct the jury as follows:

"1. If the jury find, from the evidence that the mark J. H. was the mark of Holm & Butterfield, which was used to designate logs belonging to them, and that said mark was put upon the logs in question with the knowledge of Dwight & Co.'s agent, and that the defendant is an innocent purchaser of said logs, then your verdict should be for the defendant.

"2. The plaintiff in this case is a trustee of some of the creditors of Dwight & Co., and the only interest, title, or right he has to maintain this action is derived from an instrument dated April 17, 1889, and marked in this case 'Exhibit B,' which it is claimed creates such trust. Such paper does not create in him or give him any control over rights of action that had accrued to Dwight & Co. at the time the logs were taken possession of by the defendant, which the declaration alleges and the evidence shows to have been on the 22d day of March, 1889, which is several days prior to plaintiff's claim. Your verdict will therefore be for defendant.

"3. There is no evidence in this case that Exhibit A (being a chattel mortgage given to Mr. Stanton by Dwight & Co.) was ever recorded in the city of Detroit, Mich., where the mortgagors reside, and there is no evidence to show that the defendant ever had any notice of such mortgage; therefore you will not consider it; and as Mr. Stanton, the plaintiff, did not take possession of the logs before the defendant purchased, it is therefore void as to defendant, and your verdict will be for the defendant."

The court refused, and error is assigned upon such refusal.

1. The testimony was uncontradicted that when Post, who was defendant's agent, the man who scaled the logs for defendant, and who superintended the sawing of them into lumber for defendant, came to Middleton to scale and take possession of the logs, before the quantity had been ascertained and before any money had been paid upon them, Naldredt, who was acting for plaintiff, told Post that the logs belonged to Dwight & Co., and warned him not to touch them. Notice to defendant's agent was notice to defendant, and the defendant could not thereafter be regarded as an innocent purchaser. The testimony showed that the logs were marked with Holm's mark because the stamp used by Dwight & Co. was broken. It was not claimed that defendant relied upon the manner in which the logs were marked, or that any of its officers or agents ever saw the logs before the purchase was concluded, except that they had not been inspected, nor had the quantity been determined, and before this was done, or any money paid, defendant was informed of plaintiff's claim of title. Phinney heard Holm's story before he bought the logs; admits that there were doubts in his own mind about Holm's ownership, even upon his own statement; and, instead of inquiring from Naldredt or Stanton or Dwight & Co.,

he consults a lawyer to see whether, under the circumstances, "Holm could hold the logs." Phinney did not rely upon Holm's possession of these logs, nor upon the fact that the logs were stamped with Holm's stamp,— circumstances for which plaintiff was responsible,—but upon Holm's statements, and the advice of an attorney, which could not bind plaintiff.

A party who deliberately takes chances cannot plead an estoppel. A party who puts another in possession of property, together with the muniments of title or *indicia* of ownership, may be estopped from afterwards setting up title in himself as against a *bona fide* purchaser for value; but, in order to avail himself of such estoppel, the purchaser must be shown to have relied upon and been misled by the possession of the property and muniments of title. A purchaser cannot avail himself of a single circumstance, although misleading, when he knows all the facts relating to the ownership, or is put in possession of sufficient to arouse his own suspicions and put him upon inquiry.

2. Plaintiff claimed not only under the agreement dated April 17, 1889, but also as assignee of the mortgage dated February 23, 1889, to which the agreement referred, and to which the agreement was supplementary. The assignment of this mortgage gave the assignee the undoubted right to follow the property covered by it.

3. It was not necessary to show the filing of the chattel mortgage at Detroit, but the record does show it. There was no error in the refusal of the court to give the instructions asked for.

Several errors are assigned upon the exclusion of testimony which was subsequently admitted. Such assignments will not be considered.

Phinney testified that he took possession of the logs in

question; that Holm gave him permission; that he paid Holm for the logs; and that he sold them to defendant; yet the defendant assigns as error the refusâl to allow Phinney to prove the contents of the bill of sale by parol. The proof as to the loss of the instrument was insufficient, but, in any event, the witness was allowed to state all that would have been competent to show by the bill of sale itself.

There was no error in allowing proof that Phinney held a mortgage upon the mill property. He claimed to have purchased the logs in good faith. It was entirely proper to show the relations existing between Phinney and Holm.

One Minnock was at work in the mill-yard with Naldredt, who represented Stanton, and Holm, in handling and scaling the logs. He related several conversations between Naldredt and Holm regarding the logs, the scaling of them, and the acceptance and rejection of certain of them. Their conversations tended to show that Naldredt, for Dwight & Co., had given directions as owner of the logs. The witness was then asked the following question:

"During the time you were there working did you ever hear Holm say anything about owning the logs?"

As a general rule, testimony of this character is inadmissible. Here, however, the witness was engaged with Naldredt and Holm in scaling the logs. He had testified to directions given by Naldredt, and criticisms upon the scaling and acceptance of the logs by Holm, which implied ownership, and naturally would have called for some assertion on Holm's part, if he claimed the title to the logs. Under these circumstances, it was competent to show that Holm had at no time disputed the inference of ownership created by Naldredt's acts.

Error is assigned upon the court's instructions to the

jury, but the court submitted the case upon the theory
that the only question involved was whether the title to
the logs at the time of the sale by Holm to Phinney was
in Dwight & Co. or Holm, and in this we think the
court was correct.

The judgment is affirmed, with costs to plaintiff.

MORSE, LONG, and GRANT, JJ., concurred. CHAMPLIN,
C. J., did not sit.