## The People v. Latin Skutt.

*Criminal law—Incest—Evidence—Arguments of counsel—Instructions.*

1. The Court adhere to the rule laid down in *People v. Jenness*, 5 Mich. 305, and hold that evidence was properly admitted, in a prosecution for incest, of acts of sexual intercourse between the parties at various times during a period of about eight years previous to the commission of the crime alleged, and of an act of familiarity, during that time, of such a character as to lead to the conclusion that its purpose was for such intercourse.

2. Where several witnesses testify to such acts of intercourse, and the respondent introduces no evidence, and no attempt is made to impeach the people's witnesses, it is not error for the prosecuting attorney to state to the jury that the commission of such acts is an undisputed fact in the case.

3. Where concessions and statements of counsel are recited in the charge to the jury, they will be presumed to have been made, unless the record shows that before the jury retired the attention of the court was called to the matter, and an opportunity given for correction; citing *Stanton v. Manufacturing Co.*, 90 Mich. 12, 15.

4. The question whether the intercourse took place under such circumstances as to constitute the crime of rape is held to have been fairly and properly submitted to the jury.

Error to Clinton. (Daboll, J.) Submitted on briefs June 22, 1893. Decided July 25, 1893.

Respondent was convicted of the crime of incest, and sentenced to imprisonment in the State prison for 10 years. Judgment affirmed. The facts are stated in the opinion.

*Lyon & Dooling,* for respondent.

*A. A. Ellis,* Attorney General, and *W. A. Norton,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of incest with his own daughter, 16 years of age. Four errors are assigned. The crime was charged to have been committed July 30, 1892.

1. Acts of sexual intercourse between the respondent and his daughter were shown by the evidence at various times for a period of about eight years previous to the commission of the crime alleged; also during that time one act of familiarity was shown, which was of such a character as to lead to the conclusion that its purpose was for sexual intercourse. The evidence was properly admitted. *People v. Jenness,* 5 Mich. 305, 319. In that case evidence of acts of intercourse covering a period of five years was held competent. The reasons for the admission of such evidence are there clearly stated in an able opinion by Mr. Justice CHRISTIANCY. *People v. Hendrickson,* 53 Mich. 525, appears to be in conflict with *People v. Jenness,* though the facts in the two cases are different. In the former case, acts of familiarity and intimacy, occurring over two years before the prosecution was commenced, were held inadmissible in a prosecution for adultery, on the ground that they were too remote. We adhere to the rule laid down in *People v. Jenness.*

2. The prosecuting attorney, in his argument to the jury, used the following language:

"It is an undisputed fact that this sort of conduct had been going on between the defendant and his daughter from the time she was eight years old down to the time of the commission of the crime for which he is now on trial."

Under the record in this case, we do not think this language was error. Several witnesses had testified to acts of sexual intercourse during the period covered. No evidence was introduced on the part of the respondent. No

attempt was made to impeach the witnesses for the prosecution.

3. In his charge to the jury the court used this language:

"In this case, upon the argument by counsel upon both sides, it has been conceded that, about the time and place charged in the information, the defendant and the complaining witness, his daughter, had sexual intercourse. It is claimed upon the part of the people that it was under such circumstances as make him guilty of the offense charged. It is claimed upon the part of the defendant that, while the intercourse took place, it was not under such circumstances as make him guilty under this charge, but constituted the offense of rape."

This statement by the court was not challenged by the respondent's counsel upon the trial, nor do they now state in their brief that it was not correct. Such statements in the instructions of the court will be presumed to have been correctly made where the record does not show that attention was called to them, and the court given an opportunity to correct them. *Stanton v. Manufacturing Co.*, 90 Mich. 12, 15. It is apparent upon this record that the line of defense was that the evidence established a case of rape, and not of incest.

4. The respondent's counsel requested an instruction that under the evidence, if any offense was committed, it was rape, and not incest, and that the verdict should be, "Not guilty." This instruction was refused, and the court instructed the jury that, if the intercourse took place because of threats made at the time or previously, the respondent was guilty of rape, and they should acquit. This instruction was given at the request of the respondent, and was favorable to him. We are not prepared to say that the instruction correctly states the law, and upon the question we pass no opinion. *State v. Chambers*, 53 N. W. Rep. 1090, is an instructive case upon this point.

The complaining witness testified that she consented to

the intercourse, and detailed the circumstances under which it took place. The testimony of the witness taken upon the examination was introduced upon the trial, in which she stated that on the 30th day of July, the date of the commission of the crime, the respondent threatened her that if she " ever told of him he would kill her," and that she would not have submitted to him at any time if he had not threatened her, and that she was under the influence of those threats or she would not have submitted to him. It is not necessary to state her entire testimony taken upon the examination and upon the trial It was fairly and properly left to the jury to determine whether the intercourse took place under such circumstances as to constitute the crime of rape.

We find no error upon the record, and the judgment is affirmed.

The other Justices concurred.