[No. 1183.   Decided January 27, 1894.]

THERESA KLEPSCH, *Administratrix*, *Respondent*, v.
GEORGE DONALD *et al.*, *Appellants*.

NEGLIGENCE — DISCHARGE OF BLAST — WITNESS — IMPEACHMENT —
INSTRUCTIONS — APPEAL — HARMLESS ERROR — WEIGHT OF TESTI-
MONY.

Where a heavy fragment of rock is, by the discharge of a blast,
thrown a distance of 940 feet, through the roof of a house, killing a
man within, such fact is *prima facie* proof of negligence in the
management of the blast; and such presumption of negligence is
not rebutted by proof that the employés managing the blasting
were competent and careful men, and had received strict instruc-
tions to be careful.

The admission of incompetent testimony in rebuttal of immate-
rial evidence is harmless error.

A witness who has testified at a former trial on the same subject
matter may be impeached by allowing the stenographer, who had
taken notes at the time of the former trial, to read his notes, after
showing that they were correct and that aside from them he had no
recollection of what the witness had said.

Where there has been no comment in argument to the jury upon
the presence of witnesses brought from long distances, it is not
error for the court to refuse to charge that no unfavorable infer-
ence is to be drawn by the jury against the credibility of such
witnesses, because of the defendants having paid or agreed to pay
their necessary expenses in attending the trial.

Where there is a substantial conflict of testimony the verdict of
the jury will not be set aside.

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts*, and *Kinnaird & Happy*, for appel-
lants:

Under circumstances of this case no presumption of neg-
ligence arose from the bare fact of injury.   Some specific
act of negligence, either of omission or commission, must
be shown in evidence against defendant before plaintiff can
recover.   *Hawkins v. Front St. Cable Ry. Co.*, 3 Wash. 592;

*North Side St. Ry. Co. v. Want*, 15 S. W. 40; *Daniel v. Metropolitan Ry. Co.*, L. R., 5 H. L. 45; *Frech v. Philadelphia, etc., R. R. Co.*, 39 Md. 574; *Philadelphia, etc., R. R. Co. v. Stebbing*, 19 Am. & Eng. R. R. Cases, 38; *Attreeter v. Hudson River R. R. Co.*, 2 E. D. Smith, 151; Shear. & Redf., Neg. (4th ed.), §§ 57–59, and authorities cited in notes.

*John B. Hess*, and *Turner, Graves & McKinstry*, for respondent:

The *fact of injury* is not evidence of negligence; but the *fact of a blast large enough* to throw a rock 900 to 1,200 feet, in a settled portion of the city, is sufficient evidence to that point. It is just to such a case as this that the maxim, *res ipsa loquitur*, applies. This means not that the fact of injury may ever be evidence of negligence, but that the circumstances under which occurs the accident causing the injury, and which attend and surround it at the time, show of themselves negligence. *Tuttle v. Chicago, etc., R. R. Co.*, 48 Iowa, 236; *Lowery v. Manhattan Ry. Co.*, 99 N. Y. 158; *Mullen v. St. John*, 57 N. Y. 567; *Thomas v. Western Union Telegraph Co.*, 100 Mass. 156; *Eagle Packet Co. v. Defries*, 94 Ill. 598; *Stokes v. Saltonstall*, 13 Pet. 181; *Railroad Co. v. Pollard*, 22 Wall. 342; *Byrne v. Boadle*, 2 Hurl. & C. 722; *Kearney v. London, etc., Ry. Co.*, L. R., 5 Q. B. 411; Shear. & Redf., Neg. (4th ed.), §§ 59, 60.

The opinion of the court was delivered by

STILES, J. — This is a second appeal in this case, the decision on the former appeal being found in 4 Wash. 436 (30 Pac. 991). The facts proven did not differ materially from those presented at the first trial, excepting that upon the matter of ascertaining the damage suffered, the showing was in accordance with the rule laid down by this court,

the defendants were allowed to show the methods they employed in conducting their blasting operations, and they offered proof tending to show that the deceased Klepsch was a trespasser upon lands put into their possession by the railroad company in connection with their grading contract.

The first error complained of is the refusal of the court to sustain a motion for a non-suit, on the ground that the plaintiff had failed to show the specific act of negligence on the part of the defendants which caused the injury. Counsel renews, under this head, the proposition urged at the former hearing, that the mere fact of an injury caused by the hurling of the rock was not *prima facie* proof of negligence in the management of the blast, and many cases are cited to sustain the position that the fact of injury does not generally prove negligence.

*Hawkins v. Front St. Cable Ry. Co.*, 3 Wash. 592 (28 Pac. 1021), is one of the cases cited, and there was not at the former hearing of this case, nor is there now, any disposition on the part of this court to depart from the rule there adhered to; nor do we concede that any such departure was made. The fact of the injury, and the circumstances under which it occurred, viz., by the casting of a rock such an unreasonable distance as 940 feet, with an explosive which, by its very nature, destroys all the evidence of the way in which it is managed, except as it may be proven by parties interested in avoiding liability, was the basis of the ruling which we said ought to be the law of such cases. A passenger on a railroad train is injured, and the fact of injury alone does not sustain a charge of negligence; but if the train was derailed by reason of a broken wheel, the presumption arises that the carrier was negligent in not providing a sound one. So here, the deceased was injured in his own house, and at a distance from the place of the blast which the evidence shows was the

very extreme of distances to which rocks could be thrown in that manner, being more than three times the distance to which they were usually thrown, and it lay with the defendants to explain how this unreasonable circumstance happened, and that it was not their fault. Nor was it any answer to show that they had given their employés strict general instructions to be careful, or that the employés were competent and usually careful men. The very fact shown in the case that, in general, the rocks from defendant's blasts did not fly half as far as these particular rocks, certainly tended to show that there must have been an unusually heavy charge behind these rocks, or that some less than usually efficient means was taken to prevent their flight to such a prodigious distance.

Upon the point of the ordinary distances to which rocks thrown from a carefully managed blast would go, the evidence of the plaintiff was meager, but the defendants' evidence fully supplied any deficiency in that respect and therefore cured whatever error there may have been in refusing the non-suit. The claim is also made that this presumption was rebutted by the evidence showing the precautions that were generally taken, but that did not suffice; none of the evidence was directed to the point of showing how this particular blast was treated. In this connection we may also dispose of the exceptions on account of the court's refusal to allow certain questions to be answered touching the directions given employés and their usual method of laying and protecting blasts. The ingenuity and persistence of counsel were sufficient to circumvent this obstacle, and the same questions were fully answered elsewhere.

Defendants, in order to show that the deceased was, as to them, a mere trespasser on the land where his house was, produced their grading contract with the railroad company and claimed that, as the land about the place where they

were grading was an odd section which belonged to the railroad company, they had the implied right to the possession of the whole tract for the prosecution of their work. In response to this claim a great deal of testimony was taken going to show that the railroad company had given to certain third parties an oral option to buy the land where the Klepsch house was, with permission to take possession and remove squatters, of whom Klepsch was one, or require them to admit a tenancy by the payment of rent. There was testimony tending to show that Klepsch had paid, or agreed to pay, rent, and also that the place where he was injured was a dedicated but unopened street. Exceptions were taken to the admission of the testimony concerning the option, etc., and they are here urged on the ground that any such contract must have been in writing. But however that may be, we are of opinion that this testimony did the defendants no harm because their own proposition as to their right of possession was not sustained. All that could be implied from their contract was that they should have possession of such portions of the railroad company's lands as were necessary and convenient for the prosecution of the grading work covered by the contract, and it nowhere appeared that the location of the Klepsch house was thus either necessary or convenient. We will guard this last remark by expressing a serious doubt whether a mere trespasser upon premises devoted to blasting, as claimed, could be injured, under the circumstances of this case, without liability on the part of those who injured him.

To impeach a witness who has testified at the former trial, the respondent produced the stenographer who had taken notes of the testimony, and had him read his notes, after showing that he had taken them at the time, that they were correct, and that aside from them he had no recollection what the witness had said. We think the practice was correct. *State v. Freidrich*, 4 Wash. 204 (29 Pac. 1055).

Certain of the witnesses for the defense were brought from long distances, one of them from without the state, and the court was asked to charge the jury to the effect that no unfavorable inference was to be drawn by the jury against the credibility of such witnesses, because of the defendants having paid or agreed to pay their necessary expenses in attending the trial; refused. The substance of this request would be entirely proper in a proper case; but the propriety of it would depend on whether the jury was invited, in argument, to draw any such inferences. The record before us does not show that counsel for the plaintiff in any way commented upon the presence of the witnesses at the trial, and there was, therefore, no error.

The main point of the contest in this case centered upon the question whether the rock which killed Klepsch was thrown from the defendants' works, or whether it came from the Franklin school grounds, which were much nearer and where blasting was in progress during the same period; but upon this point we cannot interfere, for there was a substantial conflict of testimony which it was properly left to the jury to decide.

There were sundry exceptions not here specifically noticed, but the alleged errors upon which they were founded either do not appear in the record, or were connected with the instructions, and the latter were either covered fairly by the charge of the court, or have been incidentally disposed of in the foregoing opinion.

Finding no reversible error, the judgment will be affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J., dissents.