[No. 3047.   Decided November 21, 1898.]

THE STATE OF WASHINGTON, *Respondent,* v. W. H. ANDERSON, *Appellant.*

CRIMINAL LAW—RECORD ON APPEAL—INSTRUCTIONS—TRIAL ON INFORMATION—EXAMINATION OF WITNESSES—DEMONSTRATIONS BY SPECTATORS.

Affidavits submitted to the trial court in support of a motion for a new trial will not be considered on appeal, when not incorporated in a bill of exceptions or statement of facts.

The objection that there is nothing on the face of the record justifying a prosecution by information, rather than by indictment, should be raised before entering plea of not guilty.

Matters brought out on cross-examination of witnesses may properly be gone into on their redirect examination.

The fact that demonstrations of approval at the close of the argument for the prosecution were made by persons present cannot be treated as prejudicial error, when there is no showing as to what the demonstrations were nor that the court had been requested to take any action thereon.

Error in the giving and refusing of instructions must be excepted to, in order to secure a review on appeal.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.   Affirmed.

*George D. Schofield,* for appellant.

*W. H. Abel,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

GORDON, J.—The defendant was convicted in the superior court for Chehalis county of the crime of burglary, and sentenced to three years' imprisonment in the peni-

13—20WASH.

tentiary.   He has appealed.   Respondent has moved to strike from the transcript certain affidavits which purport to have been submitted to the trial court in support of defendant's motion for a new trial, but which were not incorporated in any bill of exceptions or statement of facts.   The motion must prevail.   *State v. Howard,* 15 Wash. 425 (46 Pac. 650); *Clay v. Selah Valley Irrigation Co.,* 14 Wash. 545 (45 Pac. 141).

It is urged in appellant's brief that the prosecution should have been by indictment, and not by information; and, in support of this position, appellant contends that there is nothing upon the face of the record disclosing that the grand jury was not in session at the time the information was filed.   The defendant did not move against the information in the lower court, nor make any objection thereto, prior to entering his plea of not guilty; and it does not affirmatively appear that the court erred in overruling his objection to the introduction of testimony.

Nor did the court err in permitting the prosecuting witness, and also the witness Beamer, upon re-direct examination, to testify to an altercation occurring between appellant and the prosecuting witness some months prior to the alleged burglary, for the reason that the appellant himself had introduced the subject in his cross-examination of these witnesses.

It is asserted that, at the close of the argument made by the state's attorney, demonstrations of approval were made by persons present in the court room, and that this tended to the prejudice of the defendant; but it does not appear from the statement of facts what the demonstrations were, nor does it appear that the court was requested to take any action thereon.

Appellant complains of various instructions given to the jury, and also the court's refusal to give certain in-

structions requested by him; but no exceptions appear to have been taken, either to the charge as given, or to the refusal to charge as requested; hence the record in this regard presents no question for review.   We think there was competent evidence submitted to the jury, which, if believed by them, was sufficient in law to justify the verdict, and the objection that the verdict was contrary to the evidence must be overruled.   No reversible error appearing, the judgment of conviction must be affirmed.   .

SCOTT, C. J., and REAVIS, DUNBAR and ANDERS, JJ., concur.