## HIGGINS *v.* THE STATE.

[No. 19,535. Filed May 28, 1901.]

BRIBERY.—*Indictment.*—*Criminal Law.*—An indictment against a member of the common council under §2097 Burns 1894 for soliciting pay for granting a franchise to a company to operate a switch across certain streets and alleys of the city which charges the offense in the language of the statute is sufficient, and it is not necessary to charge therein that the defendant intended to vote for the ordinance because of the money solicited. *pp. 58, 59.*

SAME.—*Evidence.*—*Former Offenses.*—In a prosecution of a member of a common council for soliciting a bribe from one interested in the passage of an ordinance granting a franchise to a company to operate a switch across certain streets and alleys of the city, evidence that defendant solicited a bribe with reference to another ordinance pending before the common council was admissible for the purpose of showing intent or motive. *pp. 59-62.*

SAME.—*Evidence.*—*Intent.*—*Former Offenses.*—The fact that the language alleged to have been used by a member of a city council in soliciting a bribe, in a prosecution for bribery, was not equivocal, and that the jury had the right to infer therefrom the intent charged, does not render other proof of such intent or motive incompetent. *p. 62.*

SAME.—*Evidence.*—*Intent.*—In a prosecution for soliciting a bribe evidence to the effect that defendant had on a previous occasion solicited a bribe was properly admitted for the purpose of showing

defendant's motive, although defendant stated in objecting to the proposed evidence that he did not attempt to avoid criminal responsibility by relying upon the lack of intent, as such statement did not relieve the State from the burden of proving the criminal intent of the language used by defendant in the alleged solicitation. *p. 62.*

EVIDENCE.—*Criminal Law.*—*Testimony of Defendant Before Grand Jury.*—*Shorthand Copy.*—A shorthand report of the testimony of defendant as a witness before the grand jury was properly admitted in evidence at the trial for the purpose of impeaching defendant, where the stenographer who took down the evidence testified, before reading the same, that it was a true and complete report thereof, although he testified that he had no recollection of defendant's testimony independent of the shorthand copy thereof. *pp. 62, 63.*

From Marion Criminal Court; *Fremont Alford,* Judge.

From a conviction for soliciting a bribe, defendant appeals. *Affirmed.*

*H. N. Spaan, C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. Smith,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

MONKS, C. J.—Appellant was indicted, tried, and convicted, under §2097 Burns 1894, §2010 R. S. 1881 and Horner 1897, for soliciting a bribe. The assignment of errors calls in question the action of the court in overruling the motion to quash the second count of the indictment, and in overruling the motion for a new trial.

Appellant was a member of the common council of the city of Indianapolis. In May, 1900, while an ordinance, granting the Parry Manufacturing Company the right to lay, maintain, and operate a switch across certain streets and alleys in said city, was pending before the common council of said city, it is alleged that appellant solicited pay for granting the said franchise from David M. Parry, the manager of said company. It is insisted that the second count of the indictment is not sufficient, for the reason that it is not alleged therein that "appellant intended to vote for said

ordinance because of the money so solicited." The part of the statute upon which said count is based provides that "whoever, either before or after he is * * * elected, appointed, qualified or sworn as a * * * member of the common council of any city, * * * solicits * * * any money or other valuable thing to influence him with respect to the discharge of his duties as such, shall be imprisoned," etc. Such allegation was unnecessary; it was sufficient to charge the offense in the language of the statute. *State* v. *Miller,* 98 Ind. 70, 72, and cases cited.

Appellant claims that the court erred in admitting the testimony of a witness that appellant in the spring of 1900 solicited a bribe with reference to another ordinance then pending before the common council of said city. It is insisted that the offense charged in this case "is not one of that class in which similar, independent, crimes can be proved in order to prove intent or motive." While it is a general rule that in the prosecution of one offense it is not competent to give evidence of another distinct and independent crime, yet it is well settled that the prosecution cannot be denied the right to give such evidence, if otherwise competent, on the ground that it tends to establish another offense.

In *Thomas* v. *State,* 103 Ind. 419, 432, this court said: "But there are cases where evidence of other like offenses, committed by the defendant, is relevant and competent in the case on trial. The admissibility of such evidence in such cases is, in a sense, an exception to the general rule. In such case, the evidence is not to be excluded simply because it may show that the defendant had been guilty of other offenses. It is said in Roscoe Crim. Ev. 90: 'The notion that it is in itself an objection to the admission of evidence that it discloses other offenses, especially where they are the subject of indictment, * * * is now exploded. * * * If the evidence is admissible on general grounds, it can not be resisted on this ground.' "

Where it is essential to prove the identity of the offender, malice, guilty knowledge, intent, motive, or the like, other crimes, if they tend to prove such facts, may be given in evidence. Wharton's Crim. Ev. (9th ed.), §§31-55; 3 Rice on Ev., §155; 3 Greenleaf on Ev., §§15, 111, 111a; 1 Greenleaf on Ev., §53; Roscoe's Crim. Ev. (7th ed.), 90-100; 3 Russell on Crimes (9th Am. ed.), 279-293; Gillett's Ind. & Col. Ev., §57; *Thomas* v. *State,* 103 Ind. 419, 432, 434; *Wood* v. *United States,* 16 Pet. 342, 10 L. Ed. 987, 14 Am. Dig. (Cent. ed.), §825, Col. 1465, §835 Col. 1485. Such evidence has been received in prosecutions for uttering counterfeit money (*McCartney* v. *State,* 3 Ind. 353, 56 Am. Dec. 510; *Bersch* v. *State,* 13 Ind. 434, 74 Am. Dec. 263; 14 Am. Dig. [Cent. ed.] Crim Law, §826); uttering forged instruments (Rice on Ev., §484, pp. 779, 780; *Commonwealth* v. *Coe,* 115 Mass. 481, 501; *Langford* v. *State,* 33 Fla. 233, 14 South. 815; *Anson* v. *People,* 148 Ill. 494, 35 N. E. 145, 14 Am. Dig. [Cent. ed.] Crim. Law, §828); receiving stolen goods (*King* v. *Dunn,* 1 Moody C. C. 146; *Copperman* v. *State,* 56 N. Y. 591, 14 Am. Dig. [Cent. ed.] Crim. Law, §829); conspiracy to extort money by threats (*State* v. *Lewis,* 96 Iowa 286, 297, 298, 65 N. W. 295); filing and collecting a false claim against the county (*State* v. *Brady,* 100 Iowa 191, 69 N. W. 290, 36 L. R. A. 693); obtaining property by false pretenses (*Reg.* v. *Francis,* 12 Cox Crim. Cas. 612, L. R. 2 Crim. Cas. 128; *Commonwealth* v. *Stone,* 4 Metc. (Mass.) 43, 47; *Commonwealth* v. *Eastman,* 1 Cush. 189, 216; *Commonwealth* v. *Coe,* 115 Mass. 481; *Weyman* v. *People,* 4 Hun 511, 62 N. Y. 623; *People* v. *Shulman,* 80 N. Y. 373; *Trogdon* v. *Commonwealth,* 31 Gratt. 862; 12 Am. & Eng. Ency. of Law, 861, 862; Harris' Crim. Law 369, 14 Am. Dig. [Cent. ed.] Crim. Law, §830); embezzlement (*Rex* v. *Davis,* 6 Car & P., 177; *Reg.* v. *Richardson,* 2 Fost. & F. 343; *Dunn's Case,* 1 Moody C. C. 146; *Rex* v. *Balls,* 1 Moody C. C. 470; *Reg* v. *Richardson,* 8 Cox C. C. 448; *Commonwealth* v. *Price,* 10 Gray 472, 476; *Commonwealth* v. *Tuckerman,* 10 Gray

173, 197-201; *People* v. *Shulman,* 80 N. Y. 373, 374, and cases cited; *People* v. *Cobler,* 108 Cal. 538, 41 Pac. 401, 14 Am. Dig. [Cent. ed.] Crim. Law, §827); bribery (*Guthrie* v. *State,* 16 Neb. 667, 21 N. W. 455; *State* v. *Williams,* 136 Mo. 293, 38 S. W. 75; *State* v. *Durnam,* 73 Minn. 150, 75 N. W. 1127); burglary (*Frazier* v. *State,* 135 Ind. 38; *Commonwealth* v. *Scott,* 123 Mass. 222, 25 Am. Rep. 81; *People* v. *Mead,* 50 Mich. 228, 15 N. W. 95); libel (*State* v. *Riggs,* 39 Conn. 498; 1 Greenleaf on Ev. §53); larceny (*Crum* v. *State,* 148 Ind. 401); frequenting a gambling house (*Courtney* v. *State,* 5 Ind. App. 356, 368); wilfully placing an obstruction on a railroad track (*Barton* v. *State,* 28 Tex. App. 483, 13 S. W. 783); assault with intent (*State* v. *Place,* 5 Wash. 773, 32 Pac. 736); arson (*Commonwealth* v. *Bradford,* 126 Mass. 42, 44; *Commonwealth* v. *McCarthy,* 119 Mass. 354; *People* v. *Murphy,* 135 N. Y. 450, 32 N. E. 138; *Rafferty* v. *State,* 91 Tenn. 655, 16 S. W. 728; *Halleck* v. *State,* 65 Wis. 147, 26 N. W. 572); rape (*Proper* v. *State,* 85 Wis. 615, 55 N. W. 1035; *People* v. *O'Sullivan,* 104 N. Y. 481, 10 N. E. 880, 58 Am. Rep. 530); abortion (*Scott* v. *People,* 141 Ill. 195, 30 N. E. 329; *Lamb* v. *State,* 66 Md. 285, 7 Atl. 399; *State* v. *Ward,* 61 Vt. 153, 17 Atl. 483); sending obscene or indecent letters or pictures (*Thomas* v. *State,* 103 Ind. 419); incest (*State* v. *Markins,* 95 Ind. 464, 48 Am. Rep. 733; *People* v. *Skutt,* 96 Mich. 449, 56 N. W. 11); and murder (*Reg.* v. *Geering,* 18 L. J. Mag. Cas. 215; *People* v. *Jones,* 99 N. Y. 667, 2 N. E. 49; *Painter* v. *People,* 147 Ill. 444; 35 N. E. 64).

While such evidence is most frequently received in prosecutions for uttering forged instruments, counterfeit money, and receiving stolen goods, it is not, as we have shown, limited to these offenses, but it is admissible in all cases where malice, guilty knowledge, intent, motive, or the like, is an essential element of the offense, if such other crimes tend to prove the same.

From the authorities cited, it is clear that said evidence

tended to prove the guilty intent and motive with which appellant used the language alleged in this case to David M. Parry, and was properly admitted for that reason.

It is said that the language used was not equivocal and the jury had the right to infer therefrom the intent charged. While this may be true, it does not render other proof of such intent or motive incompetent. When a fact is to be proved, the law requires the best evidence attainable, but it does not put any limit upon the amount of proof that may be adduced. *Thomas* v. *State*, 103 Ind. 419, 434.

It is insisted, however, by appellant that "he did not attempt to avoid criminal responsibility by relying upon the lack of intent or want of guilty knowledge", because he stated, when said evidence was offered as a part of the objection thereto, that he would "deny ever having had the conversation which is alleged to have taken place with the witness, David M. Parry."

It is true that appellant made the statement claimed as a part of his objection to said evidence when the same was offered, but such statement did not relieve the State from the burden of proving the criminal intent charged in the indictment. What right had the trial judge, when said statement was made, to say that the criminal intent charged was thereby conclusively established, if the conversation took place? To have so prejudged the case would have been an invasion of the province of the jury. Even if appellant had admitted the criminal intent charged, if the conversation occurred, or that he was guilty as charged if he had such conversation, the admission of the evidence complained of would not have been error. We do not think that the admission of any competent evidence can be rendered erroneous by statements or admissions of the accused made to the court and jury during the trial.

When the grand jury was investigating the case against appellant, he appeared and testified as a witness. This evidence was taken down in shorthand by a stenographer. At the trial of the case appellant testified as a witness in his

own behalf. In order to contradict him said stenographer was called by the State in rebuttal, and, over objection, permitted to read the part of appellant's evidence before the grand jury, which it was claimed contradicted his evidence at the trial. Before reading from said shorthand copy of the evidence, the stenographer testified that he had no recollection of appellant's evidence independent of the shorthand copy thereof. He also testified that he took the evidence of appellant before the grand jury in shorthand, and that it was true and complete. The court did not err in permitting the witness to read from said shorthand copy. In *Sage* v. *State,* 127 Ind. 15, 25, 26, a prosecution for murder in the first degree, it was held that it was not error to permit the stenographer to read from his shorthand copy of the evidence the testimony of a witness given on a former trial, who had since died. In *Bass* v. *State,* 136 Ind. 165, 169, it was held not error to permit the stenographer to read from a typewritten copy of the evidence made from his shorthand notes the testimony of a witness given on a former trial, who had since died.

The rule declared in said cases is correct and is not limited to the testimony of deceased witnesses. If a person takes the evidence at the time it is given, either in longhand or shorthand, and can testify as to the accuracy of his notes, they may be read in evidence, or he may refresh his recollection from said notes, and testify from memory. *Ruch* v. *Rock Island,* 97 U. S. 693, 24 L. Ed. 1101; *Wright* v. *Wright,* 58 Kan. 525, 50 Pac. 444; *Stahl* v. *City of Duluth,* 71 Minn. 341, 74 N. W. 143; *State* v. *Smith,* 99 Iowa 26, 68 N. W. 428; *Klepsch* v. *Donald,* 8 Wash. 162, 35 Pac. 621. Such person may read in evidence such copy made at the time, although aside from said copy he has no recollection of what the witness said, and this may be done in all cases, when such person would be allowed to testify to the same facts from memory. *Wright* v. *Wright, supra; Klepsch* v. *Donald, supra; State* v. *Smith, supra.*

Finding no error in the record, the judgment is affirmed.