[No. 4779. Decided December 2, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS S.
WOOD, *Appellant.*[1]

APPEAL—RECORD—AFFIDAVITS—HOW BROUGHT UP. Affidavits
and evidentiary matter will not be considered by the supreme
court unless brought up by a bill of exceptions or statement of
facts.

INCEST—EVIDENCE OF PRIOR OFFENSES. In a prosecution for in-
cest it is competent to prove acts of sexual intercourse between
the parties occurring prior to the offense charged.

Appeal from a judgment of the superior court for Doug-
las county, Martin, J., entered May 1, 1903, after a trial
and conviction of the crime of incest. Affirmed.

*Martin & Grant* and *W. E. Southward (John E. Ryan,*
of counsel), for appellant.

*E. T. Trimble,* and *R. S. Steiner,* for respondent.

FULLERTON, C. J.—The appellant was informed against
by the prosecuting attorney of Douglas county for the
crime of incest committed upon the person of his own

[1]Reported in 74 Pac. 380.

daughter. He was tried upon the charge, found guilty, and adjudged to serve a term of years in the state penitentiary. From the judgment and sentence he appeals.

Of the numerous errors assigned there are none that can be reviewed on the record made by the appellant. They all go to questions which must be brought to this court by a bill of exceptions or statement of facts over the certificate of the trial judge, and the appellant's record on appeal consists of a transcript of certain of the files and journal entries made in the course of the trial in the court below, brought here over the certificate of the clerk of the trial court. It is true that in this transcript there are a number of affidavits which suggest the questions argued at the bar and in the briefs, but we have said repeatedly, and here say again, that evidentiary matter cannot be brought into this court in this way. Affidavits, like all other evidence introduced at the trial of the cause, must be brought into this court by a bill of exceptions or a statement of facts; and this is the rule in criminal as well as in civil cases. *State v. Anderson,* 20 Wash. 193, 55 Pac. 39; *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487.

But while the record brought here by the appellant fails to present the question suggested by him, the prosecuting attorney, in a spirit of fairness that is commendable, has made available to him the only question among his assignments which he concedes a correct record would substantiate; namely, did the court err in permitting the prosecuting witness to testify to acts of sexual intercourse between herself and the defendant occurring prior to the act charged in the information? The general rule undoubtedly is that evidence of a distinct and different offense from that for which the defendant is on trial is inadmissible, but that rule has no application to cases of the char-

acter of the one before us. In prosecutions for adultery, fornication, rape upon one under the age of consent, and incest, it has been held uniformly that acts of sexual intercourse occurring between the parties prior to the act charged in the information may be proved. The reason for the rule is well stated in *State v. Markins*, 95 Ind. 464, 48 Am. Rep. 733, where it is said:

"It is a rule of elementary logic, as well as of rudimentary law, that evidence which tends to establish facts rendering it antecedently probable that a given event will occur, is of material relevancy and strong probative force. It is more probable that incestuous intercourse will take place between persons who have conducted themselves with indecent familiarity than between those whose behavior has been modest and decorous. It cannot be doubted that it is competent to show the previous intimacy between the persons charged with the crime of incest, their behavior toward each other and their acts of impropriety and indecency. If it be proper to show acts of indecent and lascivious character, then, surely, it must be proper to show the act to which all such indecent and lascivious acts leads and in which they will often culminate. It cannot be held, upon any principle of law or logic, that the state may show acts of improper intimacy up to the very act of sexual intercourse, and then must stop, although the sexual intercourse is but the usual result of the previous lascivious conduct. If the course of conduct tends to show that the incestuous intercourse charged in the indictment did take place, then, surely, the culminating act of sexual commerce must be evidence of a convincing character. It would be a singular rule that would admit evidence of lascivious conduct, and yet exclude the evidence of the act, which of all the series supplies the strongest evidence that the crime charged was one likely to be committed. If the rule were that the state might show previous lascivious conduct, but must not show an act of sexual intercourse, we should have the singular anomaly of a legal rule rejecting evidence simply because of its strength and importance. The usual

rule of common sense, as of law, is that the more material the evidence and the stronger its probative force the greater the reason for holding it to be competent."

See also: *People v. Jenness,* 5 Mich. 305; *People v. Cease,* 80 Mich. 576, 45 N. W. 585; *People v. Skutt,* 96 Mich. 449, 56 N. W. 11; *State v. Pippin,* 88 N. C. 646; *State v. Bridgman,* 49 Vt. 202, 24 Am. Rep. 124; *Commonwealth v. Bell,* 166 Pa. St. 405, 31 Atl. 123; *Lefforge v. The State,* 129 Ind. 551, 29 N. E. 34; *People v. Patterson,* 102 Cal. 239, 36 Pac. 436.

The judgment is affirmed.

HADLEY, MOUNT, DUNBAR, and ANDERS, JJ., concur.