[No. 17919.   Department One.   July 5, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Malcolm Douglas, Respondent,* v. JOHN HOWARD HAISCH *et al., Appellants.*[1]

CONTEMPT (18)—NUISANCE (28)—PROCEEDINGS—INFORMATION—VIOLATION OF INJUNCTION. The requirement of Rem. Comp. Stat., § 946-4, that contempt proceedings for the violation of an order abating a nuisance under the "Red Light law" be commenced by the filing of an information is waived where defendants went to trial on the merits without objection.

Appeal from a judgment of the superior court for King county, Card, J., entered October 14, 1922, adjudging defendants guilty of contempt and imposing a fine, after a hearing before the court.   Affirmed.

*Edward H. Chavelle,* for appellants.

*Malcolm Douglas* and *Arthur Schramm, Jr.,* for respondent.

[1]Reported in 216 Pac. 880.

MACKINTOSH, J.—An injunction was issued abating certain premises in the city of Seattle as a nuisance, and it was subsequently claimed that the appellants were violating such injunction, and an order was secured in this action citing the appellants to show cause why they should not be adjudged in contempt of court for such violation.

Section 946-4, Rem. Comp. Stat. [P. C. § 8238], provides:

, "In case of the violation of any injunction granted under the provisions of this act, . . . The proceedings shall be commenced by filing with the clerk of the court an information under oath, setting out the alleged facts constituting such violation, upon which the court or judge shall cause an attachment to issue, under which the defendant shall be arrested."

The appellants were adjudged to be guilty of contempt, and a fine was imposed. From this judgment they have appealed.

The point raised is that the proceedings were not commenced by information under oath, as provided in the section quoted. The record shows that the question presented was not raised in the lower court and no objection was made there that the proceedings should have been by information rather than by order to show cause, or that the appellants were being charged with a criminal contempt in a civil proceeding. The appellants went to trial, allowed the evidence showing the violation of the decree to be introduced without objection, produced testimony on their own behalf, were found guilty and fined, without any objection being made at any time to the right of the court to so proceed. Under these facts, it must be held that the appellants have waived their right to object now to the form of the proceeding. In *State v. Anderson,*

20 Wash. 193, 55 Pac. 39, we held that the objection that the prosecution should have been by indictment rather than by information must be made timely. It is fair to the attorney now appearing for the appellants to state that he did not appear in the proceedings in the lower court. Judgment affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.