CASPER FOSBINDER, PLAINTIFF IN ERROR, V. JOSEPH SVITAK, DEFENDANT IN ERROR.

1. **Witnesses**: CROSS-EXAMINATION. On cross-examination of a witness who was present, and an active participant in the main transaction involved in a cause on trial, and about which he testifies, the cross-examining counsel should be permitted to inquire into all the relevant surrounding facts and circumstances which form a part of the transaction.

2. ———: PRACTICE IN SUPREME COURT. The supreme court cannot say that the district court erred in sustaining an objection to a question in the examination in chief of a witness when no statement or offer of proof was made to the court.

3. Person Defending Home from Trespassers: DAMAGES. A person may, with reasonable force, defend his property or premises, as well as his person, when invaded, and the fact that an injury is inflicted upon the invading or attacking party will not make the resisting party liable for damages resulting from such injury, if inflicted in the reasonable defense of one's house, lands, or goods.

4. ———: ———: STATUTE CONSTRUED. The act of March 8, 1871, entitled "An act to protect owners and occupants of enclosed and cultivated lands from trespass and damage," does not take away the right of reasonable resistance by the owner to the invasion of such lands.

5. Trespass: INJURED TRESPASSER CANNOT RECOVER DAMAGES. If a person willfully trespass upon the cultivated lands of another, and while so trespassing assault the owner thereof, and the owner while defending his person from such assault, and while being pursued by the assaulting party, inflicts an injury upon the party thus making the assault, the party thus injured cannot recover damages for the injury so received. Neither can he if, in such case, a gun in the hands of the assaulted party is accidentally discharged, and he is injured thereby.

ERROR to the district court for Colfax county. Tried below before MORRIS, J., sitting in absence of POST, J.

C. J. Phelps, for plaintiff in error.

H. C. Russell and E. F. Gray, for defendant in error.

REESE, J.

The defendant in error commenced this action in the district court for damages resulting from personal injuries inflicted upon his minor son by the plaintiff in error, whereby he was deprived of the labor of his said son, and was also compelled to expend money in and about the nursing and curing of said son. The injury is alleged to

have been inflicted by shooting the son in the leg, thereby breaking the bone of the leg, which became and was a permanent injury.

To the petition, alleging substantially these facts, the plaintiff in error answered, denying the assault, alleging that what he did was done in defense of himself and his premises, which were invaded by the defendant in error, his son, and others, and that in such invasion they made an assault upon him which he resisted as he had a lawful right to do. The answer also alleges by way of a counter-claim, that at the time of the alleged assault the defendant, his son, and others invaded his premises and made an assault upon him, and beat him, breaking his arm and otherwise injuring him by which he was damaged, etc., and demands judgment. Upon the trial of the cause the evidence was conflicting as to the circumstances of the alleged assaults, but upon the question of the extent of the injuries there was no material conflict. The evidence shows that the defendant in error and several others, including the injured son, were seeking to pass over the land of plaintiff in error, when plaintiff in error appeared with a gun and forbade the passage. A contest followed, in which the son of defendant in error was shot, and other injuries inflicted; and the plaintiff in error received a broken arm and other serious and painful wounds and bruises. On the trial each of the parties supported their respective theories of the case by more or less testimony, each claiming the other was the aggressor. The verdict of the jury was in favor of the defendant in error, who was plaintiff below.

The briefs submitted by counsel are not so exhaustive as is usually presented by them; hence some important questions presented by the record, but not referred to in the briefs, will not be considered.

On the cross-examination of Joseph Svitak, Jr., who was a son of the defendant in error, and present at the time of the affray, in referring to the contest, the following occurs:

Q. You had left the road had you not, and gone around the north end of the board that you described, and gone up north-west up to the south-west side of the creek, did you not?

Objected to as assuming that which had not been proven, and a complication that is calculated to mislead. Objection sustained. Defendant excepts.

Q. You saw the old board across the road did you not?

A. Yes, sir, the road was leading to the house.

Q. You knew a few rods down south of that was a traveled road leading from the county road up past Fosbinder's land, and up past Fosbinder's house, and over to your land did you not?

Objected to as not proper cross-examination. Objection sustained. Defendant excepts.

The evidence shows that this witness was with the defendant in error in coming on to the land of the plaintiff in error. That he was driving the team to the wagon in which the Svitaks were riding, that the land over which they proposed passing was plowed and sown in grain That a board or guard had been placed there as a warning to people to keep off, that they had driven around the board and were going on when plaintiff in error appeared with his gun, and that this witness first got out of the wagon and went toward plaintiff in error. The creek referred to had been shown to be running in a south-easterly direction. In view of these facts the cross-examination was proper for the purpose of showing the surrounding and attendant facts and circumstances.

Objection is also made to the ruling of the court in sustaining objections to questions propounded to plaintiff in error during his examination in chief while upon the witness stand. As no statement or offer of proof was made we cannot hold that the objection was wrongfully sustained.

The principal complaint of plaintiff in error is, as to the

manner in which the case was submitted to the jury by the instructions of the court.

By the amended transcript it appears that all the instructions given by the court were severally excepted to as well as the rulings of the court in refusing to give the instructions asked by the plaintiff in error.

The plaintiff in error asked the following instruction, which was refused by the court: "One may justify an assault or battery committed in defending his possession of his property, either personal or real, subject to the restriction that he must not employ excessive force. He may not only resist an aggression upon his property, but if his possession is actually invaded he may employ force to remove the intruder if the invader or invaders fail to go on request."

This instruction should have been given. It correctly states the law. It is well settled that one may by reasonable force defend his property or premises as well as his person.

In Field on Damages, § 616, it is said that it is a complete defense to a claim of this kind for damages, that it was done in the reasonable defense of one's house, lands, or goods. It is enough to say there was *some* evidence submitted to the jury which tended to prove that what was done by the plaintiff in error was done in resisting the invasion of his premises. That being the case it was the duty of the court, when requested, to properly instruct the jury as to the law bearing upon that testimony, leaving to the jury the right to decide as to its weight.

From the instructions given to the jury by the court it would seem that the court adopted the view that the act of March 8, 1871, entitled "An act to protect owners and occupants of enclosed and cultivated lands from trespass and damage," which makes it a misdemeanor for one to go upon the cultivated or enclosed lands of another and refuse to depart therefrom when so requested by the owner, takes

away the right of resistance, by the owner, of such trespass or invasion.   At any rate the whole act was copied into the instructions with a reference to where it might be found in the statutes, and no reason or purpose is assigned for giving it, and we can see no other than the one above indicated.   We do not think that act changes the ancient and well 'established rule of the defense of property.   See also 3 Greenleaf on Evidence, § 65.

The following instructions were also asked by the plaintiff in error and refused by the court:

5.  "If you find that the plaintiff's sons, Joseph B. Svitak and Anthon Svitak, or either of them, while willfully trespassing upon the lands of the defendant, first assaulted the defendant, and that the wounds inflicted upon Anthon Svitak were inflicted by the defendant while defending his person from such assault, and while being pursued and assaulted by said Joseph B. Svitak and Anthon Svitak, or either of them, you will find for the defendant."

6.  "If you find that the injuries complained of upon the person of Anthon Svitak were inflicted by the accidental discharge of a gun during a melee occasioned by an assault of Joseph B. Svitak and Anthon Svitak, or either of them, upon the person of the defendant, even though the gun was in the hands of the defendant at the time of such accidental discharge, then you will find for the defendant."

The testimony on the part of the defendant was that he had his gun under his arm, and was attacked by Joseph and Anthon Svitak, that they knocked him down and jerked the gun away from him, that one struck him with a piece of iron, and the other with a stick or piece of wood.   It was proper for the jury to weigh this evidence, and, if found true, it surely constituted a defense.   The accidental discharge of the gun under such circumstances, and the infliction of the injury by such accidental discharge could in no event make plaintiff in error liable.   Or if the plaintiff in error inflicted the wound in defense of such an

assault it would be difficult to see how he could be held liable.

In *Taylor v. Clendenning*, 4 Kas., 584, which is a case in some respects similar to this, at least to the extent of the conflicting testimony, the court instructed the jury as follows: " If the jury shall find from the evidence that the plaintiff committed the first assault, yet if they should believe that the defendant (plaintiff in error) had used more force than was necessary to defend himself, and in so doing had shot the plaintiff when it was not necessary so to do, and when it would not, to a reasonable man, have appeared necessary for him to do so to save himself from being harmed by plaintiff, then they must find for the plaintiff." In this case the court instructed the jury as follows: " 5. Nor may a party in defense of his person use more force and violence than is apparently and reasonably necessary to prevent great bodily injury to himself, and such excess of force, if any were used, would be unlawful, and, as to such excess of force, the party so using it would be guilty of an unlawful assault." In commenting upon the instruction in the case of *Taylor v. Clendenning*, the supreme court of Kansas uses the following language: " Now, it seems to us that if the plaintiff was in truth an aggressor, and made the attack upon the defendant as alleged, with deadly weapons, and in pursuance of previous threats to kill the defendant, and if under those circumstances the defendant had, in self-defense, discharged his revolver at his assailant once or twice more than was necessary it would not be for the plaintiff, who had made the assault, to transfer his cause from the field to the forum and recover damages of his intended victim for making a too vigorous and successful defense. Yet this seems to us to be the effect of the instruction in question    *    *    * In that case he was the original transgressor. The law had been outraged, but he had not. The unnecessary force and violence was an injury to the public peace for which

the defendant might be called to answer to the public, but not to him." The foregoing observations are not entirely inapplicable to this case. If it be true that the Svitaks were the aggressors in the manner detailed by the defense —and of this the jury are the sole judges—then the plaintiff below cannot recover simply because the plaintiff in error was more determined in his resistance than they expected him to be.

The question as to whether the counter-claim can be maintained in this action, is presented by the instructions asked by the plaintiff in error, but not argued in his brief, and is not here decided.

The judgment of the district court is reversed and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.