FLOYD HARSHMAN v. WILLIAM A. ROSE.

FILED JANUARY 7, 1897.   No. 6973.

1. Assault and Battery: DAMAGES: PLEADING. It is, in a civil action for assault and battery, unnecessary to specially allege such damages as are the necessary and usual consequence of the act complained of.

2. ———: ———: ———. A petition charging the defendant with unlawfully beating and wounding the plaintiff on the head with a pitchfork whereby he, plaintiff, "was wounded and is, and for a long time will be, sick, and has suffered, and will suffer, great bodily pain and discomfort," states a cause of action for such physical and mental suffering as is the natural and proximate result of the wrong so alleged. (American Water-Works Co. v. Dougherty, 37 Neb., 373.)

3. ———: JUSTIFICATION. One who has commanded an intruder to leave his premises is authorized to use such means as may be reasonably necessary to enforce his command. But if in so doing he exceed the bounds of reasonable force he will be guilty of an assault.

4. ———: ———: VERDICT FOR PLAINTIFF: EVIDENCE. Evidence examined, and held to sustain the judgment of the district court.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. Affirmed.

Wooley & Gibson, for plaintiff in error.

A. N. Sullivan and J. E. Douglas, contra.

12

POST, C. J.

Rose, the defendant in error, recovered judgment against the plaintiff in error, Harshman, in the district court for Cass county on account of an alleged assault and battery. In the proceeding by means of which said judgment is presented to this court for review especial prominence is given to those assignments which challenge the sufficiency of the petition below as a basis for the recovery of other than the special damage therein alleged, to-wit, $8 expended for medical attendance in consequence of the assault charged. The petition assailed, which is very brief, is here set out, omitting caption and formal parts: "On the 3d day of August, 1891, in Cass county, and state of Nebraska, he, the defendant, unlawfully made an assault upon the plaintiff and him, the said plaintiff, did then and there beat, wound, and ill treat by striking plaintiff several blows on the head with a pitchfork; that plaintiff thereby was wounded and is, and for a long time will be, sick, and has suffered and still suffers great bodily pain and discomfort from said wounds; that plaintiff was disabled thereby from attending to his business for more than two weeks thereafter; that in the treatment and necessary care of said wound he has been compelled to pay for physician's services the sum of $8; that he has been injured in the premises in the sum of $1,000." It is in an action for assault and battery necessary to specially allege such damages only as the law does not presume to be the necessary or usual consequence of the act complained of. (2 Greenleaf, Evidence, sec. 89; 1 Chitty, Pleading, p. 428; 1 Kinkead, Code Pleading, sec. 221; 2 Ency. of Pl. & Pr., 862.) Tested by the rule thus stated, the plaintiff below was entitled to recover for such physical and mental suffering as was the natural and proximate result of the wrong complained of, and was not restricted to the damage alleged. (*American Water-Works Co. v. Dougherty,* 37 Neb., 373.)

The only other assignment requiring notice is that which relates to the fifth instruction given on the court's own motion. It is argued that certain expressions therein employed are unwarranted by the evidence, and also misleading, because intimating to the jury that the plaintiff below was lawfully upon the premises of the defendant where, it is alleged, the assault was committed. But the instruction, if erroneous, is error without prejudice, even assuming the plaintiff to have been a trespasser at the time of the assault. The defendant's version of the affair appears from a single question and answer, viz.: "Q. What then occurred? A. I was at work on my place and he (plaintiff) came and asked me for the scraper. I told him that I had no scraper for him and told him to get off my place. I cannot relate all the words that passed between us. Anyway I ordered him to get off my place and he said that he did not have to. He was on the north side of the stack and as he said that, I jumped over the stack and run to where he was and struck him over the head with my fork. His horse then turned and I hit him over the back." One who has commanded an intruder to leave his premises is authorized to use such means as may be reasonably necessary to enforce his commands. He must not, however, in so doing exceed the bounds of reasonable force, else he will be guilty of an assault. (*Everton v. Esgate*, 24 Neb., 235; 2 Wharton, Criminal Law [10th ed.], sec. 624; 2 Am. & Eng. Ency. of Law [2d ed.], p. 984.) We do not hesitate to assert as a proposition based upon the defendant's own testimony that the striking of the plaintiff on the head with a pitchfork upon the simple refusal of the latter to leave his, defendant's, premises, was an act of violence wholly unwarranted by the circumstances of the case. It follows from this view of the record that the question whether the plaintiff was a trespasser at the time of the injury charged is foreign to the real issue presented.

JUDGMENT AFFIRMED.