RAINBOW et al. v. YOUNG, Sheriff.

(Circuit Court of Appeals, Eighth Circuit. June 8, 1908.)

No. 2,642.

INDIANS—RESERVATIONS—INTRUDERS—AUTHORITY TO REMOVE.
    Under Rev. St. §§ 441, 463, 2058, 2149 (U. S. Comp. St. 1901, pp. 252, 262), the Commissioner of Indian Affairs is authorized, with the approval of the Secretary of the Interior, to cause collectors to be excluded and removed from a tribal Indian reservation on days when payments are being made to the Indians, if in his judgment the presence of collectors therein at such times is detrimental to the peace and welfare of the Indians; and this although the reservation be within a state and the Indians be the holders, under trust patents issued to them pursuant to Act Feb. 8, 1887, c. 119, 24 Stat. 388, of allotments adjacent to the reservation, and be, therefore, citizens of the United States and the state.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Nebraska.

See 154 Fed. 489, 83 C. C. A. 421.

A. W. Lane, Asst. U. S. Atty. (Charles A. Goss, U. S. Atty., on the brief), for appellants.

Thomas L. Sloan (W. E. Whitcomb, on the brief), for appellee.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

VAN DEVANTER, Circuit Judge. This appeal calls in question an order discharging a writ of habeas corpus. There is no controversy about the facts, which are as follows: The appellants are Indian policemen at the Winnebago Indian Reservation, in Thurston county, Neb. That reservation consists of 400 acres of land belonging to the United States upon which it maintains an Indian agency and an Indian train-

ing school for the benefit of the Winnebago tribe, to the members of which allotments in severalty of the adjacent lands have been made under Act Feb. 8, 1887, c. 119, 24 Stat. 388. The duties of an Indian agent at that agency, or at least such of them as pertain to the matters here stated, have been devolved upon the superintendent of the training school under a provision in Act March 3, 1903, infra. Somewhat recently, when payments of certain lease moneys were about to be made at that agency to the members of the tribe by such superintendent, he was directed by the Commissioner of Indian Affairs to require collectors to remain away from the agency on the days when the payments were being made; and among those who were duly notified of that direction was Thomas L. Sloan, an attorney of Pender, Neb. On one of the days fixed for making the payments Mr. Sloan, disregarding the notice so given to him, went to the agency for the purpose of making collections from Indians to whom lease moneys were then to be paid. After he had made some collections, and while he was there for the purpose of making others, he was requested by the superintendent to leave the agency and to remain away during the day so fixed for making the payments. He refused to do so, and the appellants then removed him from the reservation, and also prevented him from returning to the agency during that day. In doing so they acted under a verbal order given to them as members of the agency police by the superintendent, who was executing the commissioner's direction. The appellants used no more force than was necessary, and did nothing of which Mr. Sloan could complain, if the superintendent's order to them was a lawful one. Subsequently they were taken into custody by the appellee upon a warrant issued by the county judge of Thurston county upon a complaint made by Mr. Sloan, wherein he charged them with a criminal assault under the laws of the state of Nebraska by reason of their removal of him from the reservation in the circumstances just stated. While they were so in custody and awaiting a trial or examination, a writ of habeas corpus was sued out in their behalf upon a petition presented to the Circuit Court of the United States for the District of Nebraska, wherein it was alleged that their imprisonment was unlawful because the act with which they were charged was done in the discharge of a duty placed upon them as agency policemen in pursuance of a law of the United States. At the final hearing upon the petition, the Circuit Court was of opinion that there was no statutory authority for the direction given by the commissioner, and that it was invalid in the absence of such authority, and so discharged the writ and remanded the appellants to the appellee's custody.

Of the questions discussed by counsel, we deem it necessary to here notice the single one of the commissioner's authority to give the direction which was disregarded by Mr. Sloan and in the orderly execution of which he was removed from the reservation. While the members of the Winnebago tribe have received allotments in severalty and have become citizens of the United States and of the state of Nebraska, their tribal relation has not been terminated. They are not permitted to alienate, mortgage, or lease their allotments without the sanction of the Secretary of the Interior. Their lease moneys are collected and

disbursed by officers of the United States. Their lands and some at least of their other property are not taxable; and the United States maintains a reservation, an agency, and a training school for their benefit. In short, they are regarded as being in some respects still in a state of dependency and tutelage which entitles them to the care and protection of the national government; and when they shall be let out of that state is for Congress alone to determine. United States v. Rickert, 188 U. S. 432, 23 Sup. Ct. 478, 47 L. Ed. 532; Matter of Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848; Cherokee Nation v. Hitchcock, 187 U. S. 294, 307, 308, 23 Sup. Ct. 115, 47 L. Ed. 183; McKay v. Kalyton, 204 U. S. 458, 27 Sup. Ct. 346, 51 L. Ed. 566; Dick v. United States, 208 U. S. 340, 28 Sup. Ct. 399, 52 L. Ed. ——; United States v. Thurston County, 74 C. C. A. 425, 143 Fed. 287; Hollister v. United States, 76 C. C. A. 337, 145 Fed. 773; Beck v. Flournoy, etc., Co., 12 C. C. A. 497, 65 Fed. 30; United States v. Mullin (D. C.) 71 Fed. 682. Besides, the reservation from which Mr. Sloan was removed is the property of the United States, is set apart and used as a tribal reservation, and in respect of it the United States has the rights of an individual proprietor (see Commonwealth v. Clark, 2 Metc. [Mass.] 23; Commonwealth v. Dougherty, 107 Mass. 243; Low v. Elwell, 121 Mass. 309, 23 Am. Rep. 272; Fossbinder v. Svitak, 16 Neb. 499, 20 N. W. 866; Harshman v. Rose, 50 Neb. 113, 69 N. W. 755), and can maintain its possession and deal with intruders in like manner as can an undividual in respect of his property (Camfield v. United States, 167 U. S. 518, 524, 17 Sup. Ct. 864, 42 L. Ed. 260; Jourdan v. Barrett, 4 How. 168, 185, 11 L. Ed. 924; Stephenson v. Little, 10 Mich. 433). With these observations, we turn to the statutes bearing upon the authority of the Commissioner of Indian Affairs, and in considering them it is well to remember, as was said in United States v. Macdaniel, 7 Pet. 1, 14, 8 L. Ed. 587, that:

"A practical knowledge of the action of any one of the great departments of the government must convince every person that the head of a department, in the distribution of its duties and responsibilities, is often compelled to exercise his discretion. He is limited in the exercise of his powers by the law; but it does not follow that he must show statutory provision for everything he does. No government could be administered on such principles. To attempt to regulate by law the minute movements of every part of the complicated machinery of government would evince a most unpardonable ignorance on the subject. Whilst the great outlines of its movements may be marked out, and limitations imposed on the exercise of its powers there are numberless things which must be done, that can neither be anticipated nor defined, and which are essential to the proper action of the government."

The Revised Statutes contain these sections:

"Sec. 441 (U. S. Comp. St. 1901, p. 252). The Secretary of the Interior is charged with the supervision of public business relating to the following subjects: * * * Third, The Indians."

"Sec. 463. The Commissioner of Indian Affairs shall, under the direction of the Secretary of the Interior, and agreeably to such regulations as the President may prescribe, have the management of all Indian affairs, and of all matters arising out of Indian relations."

"Sec. 2058. Each Indian agent shall, within his agency, manage and superintend the intercourse with the Indians agreeably to law; and execute and perform such regulations and duties, not inconsistent with law, as may be

prescribed by the President, the Secretary of the Interior, the Commissioner of Indian Affairs, or the Superintendent of Indian Affairs."

"Sec. 2149. The Commissioner of Indian Affairs is authorized and required, with the approval of the Secretary of the Interior, to remove from any tribal reservation any person being thereon without authority of law, or whose presence within the limits of the reservation may, in the judgment of the commissioner, be detrimental to the peace and welfare of the Indians; and may employ for the purpose such force as may be necessary to enable the agent to effect the removal of such person."

And in Act March 3, 1903, c. 994, 32 Stat. 982, is the following:

"That the Commissioner of Indian Affairs, with the approval of the Secretary of the Interior, may devolve the duties of any Indian agency or any part thereof upon the superintendent of the Indian training school located at such agency whenever in his judgment such superintendent can properly perform the duties of such agency."

No other statute imposes any limitation applicable here upon the exercise of the authority so given to the Commissioner, and upon this record it cannot reasonably be doubted that the commissioner, in giving to the superintendent the direction before named, acted with the approval of the Secretary of the Interior. Wilcox v. McConnel, 13 Pet. 498, 513, 10 L. Ed. 264; Confiscation Cases, 20 Wall. 92, 109, 22 L. Ed. 320; Wolsey v. Chapman, 101 U. S. 755, 769, 25 L. Ed. 915; United States v. Fletcher, 148 U. S. 84, 13 Sup. Ct. 552, 37 L. Ed. 378; In re Brodie, 63 C. C. A. 419, 422, 128 Fed. 665, 668.

In our opinion the very general language of the statutes makes it quite plain that the authority conferred upon the Commissioner of Indian Affairs was intended to be sufficiently comprehensive to enable him, agreeably to the laws of Congress and to the supervision of the President and the Secretary of the Interior, to manage all Indian affairs, and all matters arising out of Indian relations, with a just regard, not merely to the rights and welfare of the public, but also to the rights and welfare of the Indians, and to the duty of care and protection owing to them by reason of their state of dependency and tutelage. And, while there is no specific provision relating to the exclusion of collectors from Indian agencies at times when payments are being made to the Indians, it does not follow that the commissioner is without authority to exclude them; for by section 2149 he is both authorized and required, with the approval of the Secretary of the Interior, to remove from any tribal reservation "any person" whose presence therein may, in his judgment, be detrimental to the peace and welfare of the Indians. This applies alike to all persons whose presence may be thus detrimental, and commits the decision of that question to the commissioner. Of course, it is necessary to the adequate protection of the Indians and to the orderly conduct of reservation affairs that some such authority should be vested in some one, and it is in keeping with other legislation relating to the Indians that it should be vested in the commissioner. United States ex rel. West v. Hitchcock, 205 U. S. 80, 27 Sup. Ct. 423, 51 L. Ed. 718. There is no provision for a re-examination by the courts of the question of fact so committed to him for decision, and, considering the nature of the question, the plenary power of Congress in the matter, and the obvious difficulties in the way of such a re-examination, we think it is intended that there shall be none. United States

ex rel. West v. Hitchcock, supra; Stanclift v. Fox, 81 C. C. A. 623, 152 Fed. 697.

It follows that the commissioner's direction to the superintendent and the latter's verbal order to the agency policemen were given in the exercise of a lawful authority, and therefore that what was done by the policemen was done in the lawful discharge of a duty placed upon them in pursuance of a law of the United States.

The order of the Circuit Court is accordingly reversed, with a direction to discharge the appellants from custody.