BEN TROUSIL, APPELLEE, V. JOSEPH W. BAYER, APPELLANT.

FILED NOVEMBER 19, 1909. No. 15,834.

1. **Assault and Battery: DAMAGES: PLEADING.** In a civil action for assault and battery, it is unnecessary to specifically allege such damages as are necessary and usual consequences of the act complained of.

2. ———: ———: ———. In such a case, recovery may be had for

all such damages as are shown to have necessarily followed the act from the time of the wrongful act to the time of trial, upon a general plea of the wrongful act of the defendant and the personal injury of the plaintiff.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*M. H. Fleming* and *Hastings & Ireland,* for appellant.

*Hall, Woods & Pound* and *Bartos & Bartos, contra.*

LETTON, J.

This is an action to recover damages for assault and battery. Verdict and judgment for plaintiff for $200, and defendant appeals. The principal errors assigned by the defendant are that the damages are excessive, and that the verdict is not sustained by the evidence, and was the result of passion and prejudice.

The evidence shows that the plaintiff, who was a young farmer about 22 years old, was quite severely injured by reason of the assault. The physician who was called to attend him upon the day of the assault testified that the young man was delirious when he arrived at his home; that both eyes were blacked; that his nose was bloody and the bones crushed, and that there was a swollen and bloody place upon his head. There is other evidence as to the severity of the injuries, which, together with that of the physician, was sufficient to sustain a much larger verdict. As to the evidence not being sufficient to support the verdict generally, it is enough to say that, while it was conflicting in its nature, and while it was impossible for all the facts testified to by the witnesses to be true, still, if the jury believed the plaintiff's witnesses, there is no lack of evidence to support the verdict, and it bears no appearance of being the result of anything but careful consideration of the testimony.

It is next contended that the allegations in the petition are such that the plaintiff is not entitled to recover ex-

cept for damages which he suffered before the beginning of the action, and that evidence as to his condition afterwards is not within the issues, and was erroneously admitted. The assault was committed upon the 18th of May, 1907, and the petition was filed upon the 29th of May, 1907. The allegation of the petition in this respect, after setting out the assault and battery in detail, is "that by reason of said assault plaintiff became sick and continued so for a week, and is likely to continue so sick to be for some time to come." Under the allegations in the petition, we think that it was entirely competent for the plaintiff to prove the extent of his injuries and the extent of the physical disability which resulted from the assault and battery. The present injury suffered with all the consequences which directly ensued therefrom constituted a single cause of action, and the plaintiff was entitled to prove the same up to the time of the trial. The petition, while inartistically drawn, is sufficient to allow such recovery. The petition in *Harshman v. Rose,* 50 Neb. 113, had a greater paucity of allegation than the petition in this case, and it was held sufficient to admit evidence of plaintiff's condition up to the time of trial. In an action for assault and battery, special allegations are unnecessary where such damages only are sued for as are necessary or usual consequences of the act complained of. 3 Cyc. 1082. The cases cited by plaintiff are none of them applicable to a cause of action for personal injury.

Defendant also complains of the refusal of the court to admit testimony as to specific acts of the plaintiff for the purpose of proving that he was of a quarrelsome and contentious disposition. But proof of this nature must be as to general reputation, and not as to specific acts. *Golder v. Lund,* 50 Neb. 867.

The form of the judgment is also complained of, since it permits the plaintiff to recover from the defendant "the sum of $200 and interest and costs of suit." While it was unnecessary for the court to render judgment for interest,

the statute providing that interest shall be paid upon judgments, it could in nowise harm the defendant.

A large number of objections were also made to the form and substance of certain questions asked plaintiff upon his examination in chief. Possibly it would not have been error to have sustained the objections to some of these questions, but, as to the greater number of them, we find no error in admitting the testimony. As to the others, while the evidence was perhaps immaterial, we find nothing prejudicial to the defendant.

After considering the whole testimony, we are inclined to think that the appellant ought to thank the jury for letting him off so easily, if they believed the testimony of plaintiff's witnesses. The judgment of the district court is

AFFIRMED.