## UNITED STATES v. SANDSTROM et al.
### No. 2322.

District Court, N. D. Oklahoma.
Feb. 14, 1938.

Whit Y. Mauzy, U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl.

McDonald, Files & Barney, of Pawhuska, Okl., for defendant Homer Huffaker.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted by the United States of America for the recovery of rentals due under a lease covering lands of a restricted member of the Osage Tribe of Indians.

E-ne-ke-op-pe, Osage allottee No. 298, was allotted certain land. On September 1, 1927, she executed a lease on the land to one August Sandstrom. The lease commenced January 21, 1928, and continued to December 31, 1932, at an annual rental of $430. The defendant Homer Huffaker was one of the sureties on the bond for the lessee, Sandstrom, which bond guaranteed the payment of the rentals due. The total sum of $615 was due as rentals, under the lease, and this action was instituted for the recovery of that sum for the benefit of the Indian allottee. After the suit was instituted, and service of summons had been made in the case, the defendant Huffaker went to the Osage Agency and made application for a reduction of rent, to which application the allottee gave her consent, and upon recommendation of the Osage Agency, the Secretary of the Interior approved the reduction in the rent, and the defendant Huffaker paid the balance of rent due, to wit, the sum of $215. It should be noted that the sum of $615 was due under the lease prior to the attempted reduction of the rental, and the reduction was made after the term of the lease had expired and after suit had been instituted for recovery. After the reduction in rent was approved by the Secretary of the Interior, the United States Attorney, in charge of this suit, recommended to the Attorney General of the United States that the compromise be accepted. The Attorney General refused to follow the recommendation of the District Attorney and refused to accept the recommendation of the Secretary of the Interior. The only question presented is

whether the defendant Huffaker, having paid the sum of $215 under an arrangement for a reduction in rental with the Superintendent of the Osage Agency, approved by the Secretary of the Interior, who was in charge of the affairs of members of the Osage Tribe of Indians, is conclusive and binding on the United States.

■ The Secretary of the Interior is authorized to manage Indian affairs and all matters arising out of Indian relations. Rainbow v. Young, 8 Cir., 161 F. 835, 837. The Secretary of the Interior is authorized to approve the leasing of lands of members of the Osage Tribe of Indians. See section 7, Osage Allotment Act of June 28, 1906, 34 Stat. 545; La Motte v. United States, 254 U.S. 570, 41 S.Ct. 204, 65 L.Ed. 410.

■ The defendant Huffaker contends that the Superintendent of the Osage Agency was authorized to reduce the rentals under the existing lease by virtue of Circular No. 2742 of the Department of the Interior. The circular provided that during the life of an Indian agricultural lease, if circumstances are such as to make it appear advantageous to the lessor, as well as to the lessee, authority was granted to compromise the agreement in order to prevent abrogation of the lease by default, and to enable a lessee to continue in the use of the land. In other words, authority was granted to adjust rentals in order to prevent defaults by lessees, or abandonment of the use of the lands by such lessees. The particular circular was approved February 10, 1937, and its purpose was to relieve situations which appeared to exist among some of the lessees of Indian lands due to drouths, low prices of agricultural products, or other conditions which seriously affected the ability of lessees to pay rentals provided in some of the leases. It should be noted that the lease in the instant case had been terminated for over three years before this authority was granted. The authority contained in the circular cannot afford the defendant Huffaker any relief in this case, because the authority conferred by the circular was not intended to cover a situation similar to the one here presented. The reduction in the instant case was not made during the life of the lease, but was sought to be made after all of the rentals had accrued, and the lease had completely terminated. The Superintendent of the Osage Agency is without authority to give away any of the funds due a member of the tribe. See United States v. Creek Nation, 295 U.S. 103, 55 S.Ct. 681, 79 L.Ed. 1331; United States v. Mott, 10 Cir., 37 F.2d 860, affirmed 283 U.S. 747, 51 S.Ct. 642, 75 L.Ed. 1385. In this connection it should be observed that there may be cases when the Secretary of the Interior is justified in compromising and adjusting litigation instituted for the benefit of Indian wards. Doubtful cases, or situations involving doubtful recoveries, may properly be considered in compromising litigation; however, nothing has been presented in this case which justified a compromise.

■ The Attorney General contends that he is not bound by the recommendation of the Secretary of the Interior. It is insisted that the relation existing between attorney and client in the instant case differs widely from such a relation between an attorney and an individual client. This has its foundation in section 5 of Executive Order No. 6166, issued June 10, 1933, 5 U.S.C.A. § 132 note, under authority vested in the President by Congressional Act of March 3, 1933, 47 Stat. 1519, which provides that in any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision, whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice. The Attorney General has ruled, in an opinion rendered to the Secretary of the Treasury, that the above provision invests in the Attorney General the exclusive control of any case after it has been referred to his department. The validity of the order is not here questioned. A construction of the order can reach but one result, and that is that the language contained therein is sufficiently broad to vest in the Attorney General control of all cases referred to the Department of Justice. After the case was referred to the Department of Justice, the Department of Interior ceased to have any control over the same. The Attorney General was not bound by the recommendation of the Secretary of the Interior. The indebtedness sued on herein had accrued long prior to the vesting of authority in the Superintendent of the Osage Agency to reduce rentals. There were no rentals to reduce at the time the authority was granted. No authority has been shown

and no evidence presented which justified a reduction in the sum due. The Attorney General was justified in refusing to accept the recommendation of the Department of the Interior, for a compromise, where the circumstances and facts do not justify giving away a portion of a sum due a member of the Osage Tribe. The fact that the allottee consented to the reduction should not have been controlling upon either the Secretary of the Interior or the Attorney General.

Judgment may be rendered for the plaintiff, as prayed for in its bill.