35  633
50  873
54  133

CHARLES H. MEHAGAN V. L. B. MCMANUS.

[FILED NOVEMBER 10, 1892.]

1. **Action on Note:** PROTEST WAIVED: WEIGHT OF EVIDENCE. Under the issue made by the pleadings and proof, the question in dispute was whether or not the words "protest waived" were written upon the notes when the defendant delivered the same to the plaintiff. *Held*, That a preponderance of the evidence tends to sustain the plaintiff's contention.

2. ————: ARGUMENT OF COUNSEL. Where the attorney for the plaintiff in summing up to the jury used improper language, to which objection was made, whereupon the court said to the jury: "You must not pay any attention to that statement whatever," etc., *held*, that the language used, although improper, did not justify a reversal of the case.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg,* for plaintiff in error.

*Morning & Keester, contra.*

MAXWELL, CH. J.

This action was brought on two promissory notes as follows:

"$167. ·                    ST. JOSEPH, Feb. 8, 1887.

" May 1, 1888, after date we promise to pay to the order of James J. Patton one hundred and sixty-seven dollars, at St. Joseph, Mo., for value received, without defalcation or discount, with interest from date at the rate of ten per cent per annum until paid.        M. M. RILEY.
                              "EMMA A. RILEY."

Indorsements: "Pay Charles H. Mehagan or order. J. J. Patton. Pay John Dawson or order. Protest waived. Charles H. Mehagan. Protest waived. John Dawson."

"$167.                          St. Joseph, Feb. 8, 1887.

"November 1, 1888, after date I promise to pay to the order of James J. Patton one hundred and sixty-seven dollars, at St. Joseph, Mo., for value received, without defalcation or discount, with interest from date at the rate of ten per cent per annum until paid.

"M. M. Riley.
"Emma A. Riley."

Indorsements: "Pay Charles H. Mehagan or order. J. J. Patton. Pay John Dawson or order. Protest waived. Charles H. Mehagan. Protest waived. John Dawson."

The defendant in his answer admits that the Rileys made the notes and delivered them to J. J. Patton, who indorsed them to Mehagan; and that he indorsed and delivered the same to Dawson, but denies that he wrote the words "protest waived" thereon. Second, that said notes were payable at St. Joseph, Mo., but no demand of payment was made there, whereby Patton was released from liability. Third, that the plaintiff received from Dawson security for said notes, and he thereby secured an extension of the time of payment, to which the defendant did not assent.

On the trial of the cause the jury returned a verdict in favor of the plaintiff below for the sum of $433, upon which, judgment was rendered.

The testimony tends to show that Dawson sold and conveyed to the plaintiff in error a number of town lots for which the latter indorsed the notes and delivered them to Dawson.

The only material question in dispute is in regard to the words "protest waived" being written on the notes when the plaintiff in error indorsed the same. The plaintiff in error contends that the words were not there then, while the defendant in error contends that they were, and, in our view, a preponderance of the evidence establishes the fact that the words were on the notes when they were indorsed and delivered. The proof tends to show that

Dawson was unacquainted with the makers of the notes, and in effect required the plaintiff in error to guarantee the notes. This he did by the indorsements in question. The record also shows the following facts:

"Counsel for plaintiff, in summing up to the jury, said, I suppose the court knows him, and I suppose he could tell you that he is the biggest crank in the United States.

"Counsel for defense object to the statement of the counsel, and ask the court to strike it out.

"By the court: I sustain the objection, and, gentlemen of the jury, you are to pay no heed to it whatever.

"By counsel for plaintiff, in further summing up to the jury: A judgment was obtained in this case in the county court against this defendant and John Dawson.

"Counsel for defense object to the statement of the counsel and move to strike it out.

"By the court: Gentlemen of the jury, you must not pay any attention to that statement whatever, as there is not a particle of evidence to that effect."

The proper course for an attorney in an argument to a jury is to discuss the facts of the case and present them in as favorable an aspect as the truth will justify. An attack upon the character of the adverse party, or his attorney, where such character is not in issue, is almost invariably taken as an indication that he does not expect to convince the jury upon the facts, hence the appeals to their prejudices. The writer believes that a party greatly weakens his argument by that course. If, however, the attorney's sense of propriety will not prevent him from resorting to matters outside of the record, then it is the duty of the court to compel him to do so; and in this case the court did its duty, and the use of the words above set out, condemned as they were, is not sufficient to justify a reversal. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.