48  789|
50  870|

GEORGE W. MAXWELL v. HENRY M. SWIGART.

FILED JUNE 3, 1896.  No. 6698.

Physicians and Surgeons: RECOVERY FOR SERVICES RENDERED IN VIO-
LATION OF LAW.  The object of our statute providing for a state
board of health, to regulate the practice of medicine, etc., is the
protection of the sick and afflicted against the knavery of quacks,
and it is accordingly *held* that the provision that "no person shall
recover in any court in this state any sum of money whatever for
any medical, surgical, or obstetrical services, unless he shall have
complied with the provisions of this act," etc.  (Compiled Statutes,
ch. 55, art. 1, sec. 15), negatives the right of recovery for such
services where there has been a failure to file the certificate of
the state board of health with the county clerk of the proper
county as required by the statute.

ERROR from the district court of Adams county.  Tried
below before BEALL, J.

*Smith & McCreary* and *M. A. Hartigan*, for plaintiff in
error.

*Capps & Stevens, contra.*

RYAN, C.

The defendant in error recovered, in the district court
of Adams county, a judgment upon a verdict in the sum
of $275.  In the petition upon which this recovery was
had it was alleged that the plaintiff therein named, on
or about September 4, 1891, had made necessary proofs
upon which a certificate had been issued to him by the
Nebraska state board of health, and that when the ser-
vices of plaintiff were performed for the defendant,
plaintiff was one of the persons authorized by law to be
registered and was authorized by law to collect for his
said services.  The services rendered for the defendant
were shown by the proofs to have been so rendered be-
tween October 15 and November 29, 1892.  On the 20th
day of April, 1893, the certificate of the Nebraska state

board of health above referred to was filed in the office of the county clerk of Adams county. This was after the services had been rendered, but before the commencement of this action. The district court ruled that this registration before suit brought was a sufficient compliance with the statute to entitle the holder of the certificate to recover the value of his aforesaid services, and accordingly there was a verdict and a judgment. The correctness of this ruling is the sole matter presented for our consideration. It is required by the provisions of section 10, chapter 35, Laws, 1891, that the holder of a certificate of the state board of public health shall, before practicing, file such certificate or a copy thereof in the office of the county clerk of the proper county. Section 15 of the act just referred to is in the following language: "No person shall recover in any court in this state any sum of money whatever for any medical, surgical, or obstetrical services, unless he shall have complied with the provisions of this act and is one of the persons authorized by this act to be registered as a physician." In argument it was urged that the case of *Gardner v. Tatum*, 81 Cal., 370, sustains the view taken by the district court that the filing of the physician's certificate with the county clerk before suit brought for compensation for his services was such a compliance with the statutory requirement as to relieve against a disability of the nature of that imposed by our statute. It is provided in volume 3, section 7, page 560, Revised Statutes of California, 1880: "Any person practicing medicine or surgery in this state without first having procured a certificate to so practice shall be deemed guilty of a misdemeanor," etc. The penalty prescribed in the California act is for practicing without first having procured a certificate, and although this certificate is required to be registered with the county clerk, no penalty is prescribed for a failure to register. It was therefore held by the majority of the court, in the case last cited, that while no recovery could be permitted for services rendered be-

tween the date of application and that of the issue of the certificate, there could be a recovery for such services as were rendered after such issue. Nothing was said in the opinion about a failure to register, because, as is very obvious, that fact was not by statute made a necessary condition precedent to the right to practice medicine or surgery. This distinction renders unnecessary a prolonged discussion of the provisions of our statute, which as imperatively requires the registration as the issue of the certificate. The purpose of the statute was to protect the sick and afflicted against the knavery of quacks, and hence the construction that satisfies this statute by registration before suit brought is so foreign to the general scope of the entire act that it cannot be tolerated. In its holding adversely to the view just indicated the district court erred. Its judgment is therefore

REVERSED.