## JAMES GOLDER v. JOHN LUND.

### FILED MARCH 3, 1897.   No. 7110.

1. **Personal Injuries:** MEDICAL TREATMENT: EXPENSE: EVIDENCE. In an action for personal injuries it is proper to admit evidence of the actual expense incurred by plaintiff in procuring medical treatment, the rule being that he may recover the reasonable value of such services, not to exceed the actual expense incurred.

2. ——: ——: ——: ——. In order to recover in such an action for expenses of medical treatment it is not necessary to prove by the record that the physician rendering the services was licensed to practice under the statute. Proof that he practiced as a physician raises the presumption in actions between third parties that he was licensed to do so.

3. **Assault and Battery:** DAMAGES: EVIDENCE OF DISPOSITION. In an action for assault and battery, self-defense being pleaded as a defense to the action, proof that plaintiff was of a quarrelsome disposition and ungovernable temper must be made by proof of general reputation and not by opinions of witnesses based on their individual observation.

4. **Trial:** MISCONDUCT OF ATTORNEY: REVIEW. Generally a judgment will not be reversed because of improper remarks by counsel in argument when, on objection made the court interposes, the jury is directed to disregard the statement, and the improper remarks are not repeated.

5. ——: ——: ADMONITION. In such case an admonition addressed by counsel making the remark to the jury is equivalent to one addressed by the court.

6. ——: ——: EXCEPTIONS: REVIEW. In order to preserve for review error in permitting improper remarks by counsel, objection must be made at the time, a ruling obtained and exception taken.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J. *Affirmed.*

*Frick & Dolezal,* for plaintiff in error.

*J. C. Crawford* and *A. H. Briggs, contra.*

IRVINE, C.

Lund sued Golder for assault and battery. The defenses interposed were a denial of the assault, self-

defense, and certain averments by way of mitigation of damages. There was a verdict and judgment for the plaintiff for $1,500, which the defendant seeks to reverse.

Certain assignments of error are waived in the brief. Of those insisted upon, two relate to the admission of evidence with regard to the expenses of medical attendance in the treatment of plaintiff for the injuries alleged to have been inflicted upon him. The plaintiff, after narrating the circumstances and consequences of the alleged beating, testified that he called Dr. Bartlett to treat his wounds; that he was confined to bed for six weeks and required constant nursing. He was then asked this question: "What amount of money did you expend in employing physicians, or physician and medicine together?" This was objected to, the objection overruled, and an exception taken. Aside from other grounds of objection, which apply to another assignment of error and which will be noticed later, it is urged that this question permitted a recovery for any sum the plaintiff might have seen fit to expend. It is true that the measure of recovery for such expenses is not the sum actually expended, but is confined to the reasonable expense. (*Hewitt v. Eisenbart*, 36 Neb., 794; *City of Friend v. Ingersoll*, 39 Neb., 717.) In the cases cited, however, the evidence of actual expenses was not coupled with evidence that such expenses were reasonably incurred, and verdicts based solely on the evidence of actual expenditure were held bad for that reason. The rule whereby such expenditures are recovered is based upon the doctrine of avoidable consequences. It is the duty of the person injured to exercise reasonable precautions in order to render the injury as slight as possible. Failing to perform that duty, he cannot recover for consequences which might thereby have been avoided; therefore he is entitled to to recover the expenses reasonably by him incurred by reason of such precautions. As held in the cases cited, he may not recover his actual expense, regardless of its reasonableness. On the other hand, he cannot speculate

on this item of damages and recover what would be a reasonable expense unless he has in fact incurred it, either by payment or by becoming liable therefor. In cases of personal injuries, in order to recover for medical attendance and similar items, it is necessary, therefore, for the plaintiff to show two facts: First, what expense he actually incurred; and secondly, that it was reasonably incurred. It is not the reasonable charge for medical services which he may recover, but the expense to him of such services, not to exceed their reasonable value. It was, therefore, proper for the plaintiff to show what expense he had actually incurred, and in this case this evidence was followed by proof of what was reasonably incurred, so the case does not fall within the rule of either of the cases above referred to.

Dr. Bartlett, after testifying that he was a practicing physician in Dodge county, and had been such for three years, and that he had rendered professional services to the plaintiff in the treatment of his injuries, was asked: "What are your charges for attending the plaintiff during that sickness?" This was objected to as incompetent, irrelevant, and immaterial, and because no proper foundation had been laid for the question. The objection was overruled. In support of this objection it is urged that there was no evidence that Dr. Bartlett had complied with the provisions of chapter 55, Compiled Statutes, with regard to the practice of medicine; that he was, therefore, not shown to be qualified to testify as an expert in regard to the value of his services, and further, that section 15 of that chapter providing that no person who has not complied with the provisions of that act may recover for medical services, and the plaintiff not having at the time of the trial paid the bill, it was not shown that any expense had been incurred for which the plaintiff was legally liable. The first part of the argument does not meet the question, which does not relate to the value of the services, but to the actual charge therefor. The objection would apply, however, to the

following question, which related to the reasonableness
of the charge, and which was also properly objected to.
A consideration of the second reason, however, argumen-
tatively disposes of this question, although we do not
wish to be understood as holding that in order to qualify
a person learned in the profession to testify as an expert
he must necessarily be qualified under the act to practice
medicine in this state. It is true that the act in section
15 does in express terms prohibit a recovery for medical
services rendered by a person not licensed to practice
under the act. (*Maxwell v. Swigart*, 48 Neb., 789.) But it
does not follow that in all proceedings the burden is upon
the party asserting the professional character of the phy-
sician to prove by the record his license to practice. It
has been said that "The general rule is that when a per-
son is required to do a certain act, the omission of which
would make him guilty of a culpable neglect of duty, it
ought to be intended that he has duly performed it unless
the contrary is shown. *  *  * But in civil or criminal
prosecutions for a penalty for doing acts which the stat-
utes prohibit, excepting by those who are licensed there-
for, no such presumption arises; and where the subject-
matter of the negative averment lies peculiarly within
the knowledge of the other party, the averment is taken
as true unless disproved by the other party." (*State v.
Crowell*, 25 Me., 171; *Brown v. Young*, 2 B. Mon. [Ky.], 26.)
The authorities are generally to the effect that in a prose-
cution for carrying on a trade or profession without a
license the burden is on the defendant to prove the li-
cense, but only because it is a fact peculiarly within his
own knowledge, and one susceptible of very ready proof
by him, while the contrary might require voluminous or
difficult proof by the prosecution. In some cases this
rule has been extended to actions for services performed
by some person exercising a calling requiring a license.
(See, among other cases, *Adams v. Stewart*, 5 Harr. [Del.],
144; *Dow v. Haley*, 30 N. J. Law, 354.) On the other
hand, there are many cases distinguishing between prose-

cutions and actions for penalties on the one hand, and suits to recover for services on the other, holding that in cases of the latter class the presumption is in favor of a license. (*Brown v. Young, supra; Haskill v. Commonwealth*, 3 B. Mon. [Ky.], 342; *McPherson v. Cheadell*, 24 Wend. [N. Y.], 15; *Thompson v. Sayre*, 1 Den. [N. Y.], 175; *Williams v. People*, 20 Ill. App., 92.) We are not called upon to here determine what would be the rule in an action for services by the physician. The cases holding that in such actions a license is presumed distinguish such actions from prosecutions, or penal actions for proceeding without a license, on the ground that in the former class the issue is collateral. Whether or not this reason is sound when applied to an action for services, it is certainly sound when applied to an action between third parties, such as the case before us. To practice medicine without a license is, by section 16 of the act, made a misdemeanor, so that to require the license in this case to be affirmatively proved would be to presume a stranger to the action guilty of a crime. The reason for indulging apparently a similar presumption in prosecutions or penal actions has been already stated, to-wit, the fact that the evidence lies peculiarly within the power of the defendant. This reason does not apply when the qualifications of the physician are involved in a proceeding to which he is not a party. We think, therefore, whatever may be the rule in an action by or against the physician, that in an action to which he is not a party proof that he practiced as a physician raises the presumption that he was qualified to do so. A case directly in point and sustaining this view is *City of Chicago v. Wood*, 24 Ill. App., 40.

A witness was asked the following question, referring to the plaintiff: "Were you acquainted with his disposition and character as to being peaceable or quarrelsome?" This was on objection excluded, and the defendant then offered to prove that the witness knew the disposition and character of the plaintiff, and that he

was quarrelsome, easily aroused, and had an ungovernable temper. This evidence was offered in support of the plea of self-defense. We can certainly see no reason why it is not proper, in support of such a defense, to make proof of the plaintiff's character in a civil action for assault and battery as much as in a prosecution for homicide; but in such cases the proof must be of the plaintiff's general reputation, and not by the opinion of witnesses as to his general character. (*Carleton v. State*, 43 Neb., 373.) Neither the question nor the offer promised the production of evidence of reputation, but merely of the witness' opinion, and the case last cited is on this point directly applicable.

Several assignments relate to alleged misconduct of counsel in argument. The showing made was by affidavits in support of a motion for a new trial. There is very little conflict in the evidence as to what occurred. The trial judge having overruled the motion for a new trial, we should properly consider this evidence in the light most favorable to the plaintiff, but there being so little conflict, we accept the statement of defendant's witnesses to the effect that during the closing argument one of the counsel for plaintiff said that he had known the defendant for a number of years; that they had always been good friends, and that later he said: "I tell you, Golder is a fighter, and he is the bully of that whole country up there when he gets his Irish up." Thereupon the defendant excepted to the statement of counsel that Golder was a fighter and a bully; and the court said that the statement was improper and such statements should not be made. Counsel for plaintiff then said that the jury should not pay any attention to it, and the defendant still insisted on his exception. It does not appear that the language was repeated, or that any similar remark was thereafter made. It is urged that the mere remark of the court that the statement was improper was not sufficient without an admonition to the jury to disregard the statement, but the defendant's proof shows that counsel

for the plaintiff himself gave the jury that admonition. There may be cases so flagrant,—such abuses of the privilege of counsel,—that a remark, once made, would be so prejudicial that no admonition by the court would cure the error, but we do not think that the remark here complained of was of that character. It was only by inference from a former statement that it could be taken as a statement of fact within counsel's knowledge, rather than an inference from the testimony. Generally an admonition by the court, when the improper language is not persisted in, is sufficient to cure the error. (*Atkins v. Gladwish*, 27 Neb., 841; *Mehagan v. McManus*, 35 Neb., 633.)

Counsel also, in argument, commenting on the testimony of the physician as to the time which it would take for the wound to heal, said: "I have had a good deal of experience with wounds myself, and I have never known a wound to heal up in as short a time as Dr. Inches said it would." Objection was made to this language, but no ruling obtained from the court, and counsel desisted from stating his own experience. In order to render available an assignment of error based on improper language used by counsel in argument, not only must objection be made at the time, but a ruling obtained and an exception taken. (*Gran v. Houston*, 45 Neb., 813.) No ruling having been obtained on this objection, and counsel having yielded to the suggestion and desisted from further statements of that character, the language, if improper, which we do not decide, was not ground for reversal.

AFFIRMED.