THE STATE OF KANSAS v. W. H. SPANGLER, JR.

No. 12,712. (68 Pac. 39.)

SYLLABUS BY THE COURT.

MURDER—*Evidence of Character of Deceased.* Under a plea of
self-defense to a charge of murder, when there is evidence tend-
ing to prove the truth of the defense, it is admissible to show
the general character of the deceased for vindictiveness and hos-
tility toward the class of persons of which the defendant is a
member, in connection with the defendant's knowledge of such
character.

Appeal from Pottawatomie district court; WILLIAM
THOMSON, judge. Opinion filed March 8, 1902. *In
banc.* Reversed.

*A. A. Godard,* attorney-general, *J. S. West,* and *W.
F. Challis,* county attorney, for The State.

*J. K. Codding,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment
of conviction of manslaughter. The appellant was a
city marshal. One Gonske was creating a disturb-

ance in a restaurant by loud, profane and vulgar talk, and the marshal attempted to arrest and eject him. He resisted, and, as the evidence showed, made motions as though to draw a concealed weapon. The marshal testified that he believed he was about to draw the weapon, and that, in order to protect himself from a threatened and imminent deadly assault, he struck him on the head with a policeman's club. Wounds were inflicted from which the man died.

Numerous errors are assigned, but only one is deemed by us to be sufficiently material to justify a reversal. One Poston had been city marshal preceding the term appellant was filling. He knew Gonske, the deceased, and in his capacity as marshal had specially observed his character and habits and had informed himself concerning his reputation. He was asked whether he knew the general reputation of the deceased for being a fighting, quarrelsome, vindictive and dangerous man, and, if so, what that reputation was. The court permitted the question to be answered on condition that "counsel for defendant intends to connect this general reputation with defendant's personal knowledge of it," and, as at another time expressed, "on the condition that the defendant himself knew of the man's *character* at that time." The question was asked several times in varying forms, to which the witness stated that he knew the reputation in question and that it was bad. To the court's first statement of the condition under which answer to the question would be allowed, counsel for defendant promised to comply, but, after a final question and an objection thereto, he stated that he could not do so, except, as he said, he could so far comply as to show the defendant's knowledge of the *character* of the deceased for vindictiveness and hostility to city mar-

shals; whereupon the objection of the state was sustained. The previous answers of the witness to questions of the same import given under the condition laid down by the court were not formally ordered withdrawn from the jury, but the condition was stated in the presence of the jury, and they could not fail to understand that the evidence became a proper subject of consideration only in the event of the fulfilment of the condition.

Distinctions between character and reputation are drawn in some of the books. It is clear, however, that the subject of inquiry in this instance was the man Gonske's character—the actual fact as to his moral propensities rather than the estimate made of them by others. The words "character" and "reputation" seemed to be used interchangeably by both court and counsel, but clearly, as we interpret the record, in the sense of the former word, not the latter. The question last asked of the witness, and on which the final adverse ruling was made, was as follows: "Do you know what the *character* of the deceased was for being a fighting, quarrelsome, vindictive and dangerous man?"

Under a plea of self-defense, and when the nature of the assault or menace against which the defense is made is in doubt, evidence of the character of the assailant as a quarrelsome and dangerous man is admissible. (*The State v. Keefe*, 54 Kan. 197, 38 Pac. 302.) The rejected evidence was admissible under the very condition laid down by the court. The court's condition to the reception of evidence of the general character of the deceased for violence and vindictiveness was the defendant's knowledge. The defendant's counsel stated his ability to comply, so far as knowledge of the characteristic of hostility toward city mar-

shals was concerned. Now, it was the attitude of mind of the deceased toward city marshals, more than toward any other class or all classes generally, which was the pertinent subject of inquiry. To rule that the defendant might not ask concerning the general vindictiveness of the deceased toward all classes because his (the defendant's) knowledge of the general characteristic related only to the particular class of which he was a member, was refining to a high degree, considering the fact that it was the question of the hostility of the deceased toward city marshals, the very class of which the defendant was a member, that, could it have been solved, would have shed most light on the controversy. The offer of evidence cannot be viewed in any other light than an offer to show the character of the deceased for vindictiveness and hostility toward the class to which the defendant belonged. It should have been received.

The judgment of the court below is reversed and a new trial ordered.

All the Justices concurring.