THE STATE OF KANSAS v. BERT TAWNEY.

No. 15,896.    (99 Pac. 268.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—"*Reputation*" or "*Character*" of a Witness for *Truth and Veracity*. The defendant in a criminal action was charged with larceny, and was a material witness in his own behalf. At the trial the state attacked his reputation for truth and veracity. The defendant then called witnesses and offered to prove by them that they knew his "character" for truth and veracity, and that it was good. An objection was sustained to the testimony on the ground that his "reputation" and not his "character" for truth and veracity was involved. *Held*, that inasmuch as the distinction between "reputation" and "character" is not commonly understood by witnesses and the terms are frequently used without discrimination both by the courts and the lawmakers, it was error to exclude the testimony. Under the circumstances of this case, *held*, the error was prejudicial.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed November 7, 1908. Reversed.

*Fred S. Jackson*, attorney-general, and *W. B. Pleasant*, county attorney, for The State.

*W. J. Costigan*, and *Ralph E. Page*, for appellant.

The opinion of the court was delivered by

PORTER, J.: The appellant was convicted of the larceny of two pigs. He assigns several errors, but relies largely upon the claim that there was an abuse of discretion by the trial court in permitting the county attorney on the cross-examination of the defendant and the defendant's wife to ask questions which tended to degrade the witnesses, but at the time this occurred it was not considered of sufficient importance to challenge the court's attention to the matter by an objection or motion. The wife was a very material witness and the story she testified to was somewhat remarkable. The defendant was a witness in his own behalf. The questions asked were proper for the purpose of affecting the credibility of the witnesses. (*The State v. Abbott*, 65 Kan. 139, 69 Pac. 160; *The State v. Pugh*, 75 Kan. 792, 90 Pac. 242.)

It is claimed that the court abused its discretion in another matter. Counsel, evidently anticipating an attack on the character of defendant's wife, asked her if she had ever been arrested. She answered that she had. She was then asked if she had been tried. This question was objected to, and in ruling thereon the court said:

"Objection sustained and answer stricken out. During all of my experience at the bar this is the first time I have ever seen a lawyer try to impeach his own witness under these circumstances."

It is apparent that it was not the intention of counsel to impeach his witness, but to bolster up her credibility

The State v. Tawney.

before it had been attacked. .The objection was properly sustained. (*The State v. Potter*, 13 Kan. 414, 424.) The remark probably had some tendency· to humiliate counsel, but we can not say that it seriously prejudiced the defendant. Before a judgment of conviction in a criminal action will be set aside for abuse of discretion of the trial court it should satisfactorily appear that the matter complained of affected the substantial rights of the defendant. (Crim. Code, § 293.)

On the trial the state attacked the reputation of the defendant for truth and veracity. The defendant then called witnesses in rebuttal on this proposition. One witness stated that he had known the defendant for · fifteen years, and was asked: "Do you know this man's character for truth and veracity?" This was objected to as incompetent, and the objection was sustained. The question was asked of two other witnesses, and the objection sustained. These witnesses were business men who lived in the city of Ottawa. The defendant is a farmer, and lives in the country about ten miles from the city. It is argued here that the testimony was properly excluded for two reasons: First, the witnesses were not taken from the immediate vicinity where the defendant resided, and, second, that the · questions referred to his "character" for truth and veracity and not to his "reputation." These grounds are extremely technical. A man's reputation for truth and veracity might easily extend as far as ten miles in fifteen years and be known at the county-seat by business men. The court stated the grounds of the ruling as follows:

"I think I ought to put in the record what I mean by this ruling. This man's reputation for truth and veracity was attacked by the state. Now, if the defense has any evidence touching the same proposition, I will admit it, but as to his character for truth and veracity I do not think that is competent."

The distinction between character and reputation is not easily understood by the common run of witnesses,

and the terms are not infrequently used without discrimination. Section 83 of the code of civil procedure authorizes actions for "injuries to character," meaning obviously injuries to one's reputation. In at least two decisions of this court the expression "character for truth and veracity" has been used synonymously with reputation for truth and veracity. (*Taylor v. Clendening*, 4 Kan. 524; *The State v. Eberline*, 47 Kan. 155, 27 Pac. 839.)

We think it was error to exclude this testimony. Was it prejudicial—that is, does it appear to have prejudiced the substantial rights of the defendant? The stolen property was not found in the defendant's possession, but was found in the possession of another, his brother-in-law, who was one of the principal witnesses against him and who, by reason of the property having been found in his possession, was himself under suspicion. The defendant was a witness in his own behalf and denied taking the property. His reputation for truthfulness, especially when it had been attacked by the state, was a very substantial matter for him to prove, and we can not say that the exclusion of the testimony under the circumstances was not error which affected his substantial rights. (See *The State v. McClellan, post.*)

For these reasons the judgment is reversed, and the cause remanded for another trial.

BENSON, J., not sitting.