F. M. SPAIN v. H. S. RAKESTRAW.

No. 15,795.   (101 Pac. 466.)

SYLLABUS BY THE COURT.

EVIDENCE—*Character—General Reputation*. This being a case where it was proper to show the character of a party, it was not error, in the circumstances shown, to permit witnesses to answer questions referring in direct terms to his character as a fighting, quarrelsome and vindictive man, as well as questions inquiring what his general reputation was in respect to the qualities named, although the generally approved rule is to restrict such questions to general reputation.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed April 10, 1909. Affirmed.

*C. L. Kagey*, and *R. M. Anderson*, for plaintiff in error.

*F. D. Turck*, for defendant in error.

The opinion of the court was delivered by

BENSON, J.: In this action for damages for an assault and battery the defendant alleged that he acted in self-defense, and offered evidence designed to prove that the plaintiff was a fighting and quarrelsome person. In presenting this testimony the witnesses were asked if they knew the character of the plaintiff as a fighting, quarrelsome and vindictive man, and what

that character was. Following the answers to these questions inquiries were made concerning his general reputation in respect to the qualities named. The answers to both inquiries were the same, viz., that they did have the knowledge inquired about, and that his character and his general reputation in these respects were bad. The plaintiff, who failed in the action, insists that the questions concerning *character* were improperly allowed, and that the evidence should have been restricted to general reputation.

There was a time when the personal knowledge and opinion of a witness concerning the character of one with whom he was acquainted were regarded as proper evidence, but in *Reg. v. James Rowton,* 10 Cox Cr. Cas. [Eng.] 25, this practice was disapproved in England. In this country the weight of authority in such cases is that the question should be restricted to general reputation concerning the particular quality involved in the issue, and this is the practice approved in *The State v. Johnson,* 40 Kan. 266, 19 Pac. 749. A history of the judicial consideration of this subject is given in volume 2 of Wigmore on Evidence, sections 1605 to 1625, inclusive, and in volume 3 of the same work, sections 1980 to 1986, inclusive. (See, also, Stephen's Hist. Crim. Law of Eng., pp. 449, 450.) The object sought by such testimony, whatever the form of the question, is to prove character (*The State v. Spangler,* 64 Kan. 661, 68 Pac. 39), but the proper method is, it seems, to arrive at this by showing the general reputation of the person rather than the personal knowledge of the witness.

The terms "character" and "reputation," however, are often used interchangeably, as pointed out in the recent decision in *The State v. Tawney,* 78 Kan. 855, 99 Pac. 268. If the witness really testifies to knowledge gained from general repute, although the word "character" is used in the inquiry, there can be no error in receiving the testimony. The plaintiff contends,

however, that several of the witnesses in this case testified from personal knowledge, and not from reputation. It is often difficult for a witness to discriminate clearly between what he has heard about another and his knowledge from personal transactions with that person. Two of the witnesses in this case testified that they knew nothing of the plaintiff's character except what they had heard, and, while others in cross-examination referred to particular facts which would not have been admissible in chief, they still declared that they had heard the plaintiff's character as a fighting or quarrelsome man talked about. In the Tawney case this court observed:

"The distinction between character and reputation is not easily understood by the common run of witnesses, and the terms are not infrequently used without discrimination." (Page 857.)

The record of the exmination of these witnesses is an instance of what frequently occurs in practice. A witness having on direct examination testified to general repute, upon cross-examination refers to personal transactions and particulars not admissible in chief; but the cross-examiner can not complain if this testimony is given in fair response to his own inquiries.

Complaint is also made of the ruling allowing the following question asked of one of the witnesses:

"Ques. I'll ask you whether in a general way you know of Mr. Spain having had any fights or personal encounters with his tenants other than Mr. Rakestraw? Ans. Yes; I have heard of it."

The witness on direct examination had testified to the general reputation of the plaintiff and to his character as a quarrelsome man. On cross-examination he was asked about personal transactions with the plaintiff, and whether the witness had known of his having any fights. The answer was in the negative. Then, on redirect examination, the question above quoted was asked, which appears to have been based upon, and in

sequence with, the questions upon cross-examination, and admissible in the discretion of the court.

Without departing from the rule in *The State v. Johnson*, 40 Kan. 266, 19 Pac. 749, that the question should ordinarily be limited to reputation, upon the whole examination of the witnesses as shown in the record we find no error materially affecting the substantial rights of the plaintiff. (Civ. Code, § 140; Crim. Code, § 293.)

The decision in *The State v. Tawney, supra,* while fully sustaining the conclusion now reached, does not overthrow the general rule, but rests upon the proposition that the district court had, under the facts of that case, applied a technical rule too rigidly against a defendant in an important criminal prosecution.

The judgment is affirmed.