J. A. LOWREY, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 17,901.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Inconsistent Findings.* A new trial is ordered because of inconsistent findings.

2. EVIDENCE—*Character—Specific Acts Not Admissible.* Evidence of specific acts of misconduct is not ordinarily admissible upon an issue of character which arises collaterally.

Appeal from Bourbon district court. Opinion filed July 5, 1913. Reversed.

*John Madden, W. W. Brown,* both of Parsons, and *John H. Crider,* of Fort Scott, for the appellant.

*J. I. Sheppard, James G. Sheppard,* and *W. F. Jackson,* all of Fort Scott, for the appellee.

The opinion of the court was delivered by

MASON, J.: J. A. Lowrey sued the Missouri, Kansas & Texas Railway Company, alleging that while a passenger on one of its trains he had been assaulted and beaten by the conductor and a porter. He recovered a judgment, from which the defendant appeals.

Complaint is made that the petition did not sufficiently allege, nor the proof show, that the plaintiff's assailants were acting within the scope of their employment. The defense was that the plaintiff was the aggressor, and that no more force was used against him than was reasonably necessary. The real controversy was upon this issue. Whatever was done by the conductor and porter was obviously in the course of their employment, and specific rulings upon that matter can not have been prejudicial.

The plaintiff testified that the porter and conductor made a wholly unprovoked assault upon him. Two fellow passengers, who were called by him as witnesses,

testified to the fact of the conductor striking him with a lantern, but did not profess to have seen enough of the encounter to tell who was the aggressor. The version of the affair given by the company's employees was that the plaintiff was under the influence of liquor; that without provocation he became violently abusive, using profane and indecent language; and that the trainmen used only so much force against him as the occasion justified. This evidence was in substance corroborated by two passengers. It can not be said that there was no evidence to support the verdict, but the apparent preponderance against it suggests that if any errors were committed they may have had an influence upon the result.

A number of specific findings were made, most of which were in favor of the plaintiff. The question was asked, "If you find that plaintiff struck conductor Knox you may then state what, if anything, Knox did?" The answer returned was, "No." The probable meaning is that the plaintiff did not strike the conductor. But this question was also asked: "If you find that plaintiff again struck conductor Knox [state] what he did to defend himself from second assault from the plaintiff?" The jury answered: "Struck at him with stove shaker." This seems to mean that the plaintiff struck the conductor a second time, and that the conductor acted in self-defense—a finding abundantly supported by the evidence, but in conflict with that first quoted, and with the verdict. In view of this inconsistency we think a new trial should be granted.

Complaint is also made of the rejection of evidence that upon two previous occasions the plaintiff had without provocation assaulted employees of another railroad company. It is not claimed that the conductor had heard of these prior assaults. The matter was relevant as tending to show the plaintiff's bad character, but specific acts of misconduct are not ordinarily admissible for that purpose where the issue is raised

collaterally. (16 Cyc. 1278; McKelvey on Evidence, 2d ed., pp. 207, 208; *Lowe v. Ring,* 123 Wis. 107, 101 N. W. 698; *Golder v. Lund,* 50 Neb. 867, 70 N. W. 379; *H. & T. C. Ry. Co. v. Bell* [Tex. Civ. App. 1903], 73 S. W. 56, aff. in 97 Tex. 71, 75 S. W. 484; Note, 14 L. R. A., n. s., 689, 694, 773.) In some circumstances the admission of such evidence may be within the discretion of the trial court (*Spain v. Rakestraw,* 79 Kan. 758, 101 Pac. 466), but its rejection is not error. One of the altercations referred to had taken place but a few days before, and resulted in the plaintiff's discharge from the employment of another railroad company. The occurrence being so recent testimony concerning it might have had some bearing upon the plaintiff's frame of mind toward the railroad employees and therefore upon the relative probability of the conflicting versions of the controversy on which this action was based.

The defendant offered in evidence the record of the police court showing that after the disturbance the plaintiff had been found guilty of drunkenness and fined. The plaintiff had already testified that he had been arrested, tried by the police court, and fined, and the rejection of the record can not have been very material.

Instructions were refused which seem to have correctly stated the rights of the parties, but as their essential features were covered by the charge given, no material error was committed.

The judgment is reversed and a new trial ordered.