No. 19,485.

THE STATE OF KANSAS, *Appellee*, v. ELISHA BALL, *Appellant*.

SYLLABUS BY THE COURT.

1. "WHITE SLAVERY"—*Sufficient Information.* An information under section 2 of chapter 179 of the Laws of 1913 should charge that the premises in question were owned or leased by the defendant or under his control, but in this instance the language used was such as necessarily to import the meaning that the defendant was in control of the premises. *Held*, that the information is sufficient.

2. SAME. When the language of the information is such as to make it impossible that the parties in question could have been husband and wife it is not essential to allege that they were not married to each other.

3. "WHITE SLAVERY"—*Competent Evidence—Conduct of Parties.* In this class of cases evidence touching the conduct of the parties and their manifestations of mutual affection is competent.

4. SAME. The fact that seven or eight years prior to the trial the parties stayed at a certain house as man and wife, while remote is nevertheless competent to show the conduct, disposition and inclination of the parties, the weight being for the jury.

5. REPUTATION—*Competent Witness.* One who had known a witness twenty years and lived near her a large portion of the time, though some ten miles distant from where she lived at the time of the trial, was competent to testify as to her reputation for truth and veracity in the community where she formerly resided.

6. TRIAL—*Evidence—Threats by Defendant.* Testimony of the defendant's anger and threats touching the marriage of his paramour was competent for the purpose of showing his sentiments towards her.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed December 12, 1914. Affirmed.

*H. M. Funston,* of Ottawa, and *S. J. Shively,* of Paola, for the appellant.

*John S. Dawson,* attorney-general, and *F. A. Waddle,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was prosecuted under section 2 of chapter 179 of the Laws of 1913, which provides that any person who shall keep or assist in maintaining a house of concubinage or where the same is practiced, permitted or allowed on premises owned or leased by him or under his control shall be deemed guilty of a felony. The information charged that on or about November 27, 1913, the defendant did unlawfully and feloniously keep and maintain a house of concubinage at a certain number on East Third street of Ottawa, Franklin county, "in which said house the defendant, Elisha Ball, did live and cohabit in concubinage for more than one year from said date with a certain female person," naming her, "and doth since, hitherto continue to so keep and maintain said house contrary," etc. The defendant was convicted and appeals, assigning numerous errors.

It is argued that there was no arraignment or waiver thereof, but the counter-abstract expressly shows by the journal entry copied therein a waiver of arraignment in open court and a plea of not guilty.

It is complained that the motion to quash was overruled, and that the information was bad for failure to charge whether the defendant was owner, lessee or tenant of the house in question or a boarder therein. The statute makes it a crime to maintain a place of this sort. Section 3 is leveled against any person who as owner or agent knowingly permits a place under his

control to be thus used, and section 4 provides for forfeiture of a lease thus abused by a tenant. It is claimed by the state that the information follows the language of the statute, and is therefore sufficient. But the express allegation that the premises were owned or leased by the defendant or under his control was omitted, and the question remains whether this essential allegation is stated substantially or in effect. The direct charge that the defendant unlawfully and feloniously kept and maintained a house of concubinage at the place described, and that in such house did for more than one year live and cohabit in concubinage, can not be true unless the premises were under his control to such an extent as to render him amenable to the statute in question, and under the modern construction of criminal pleadings it must be held that this information fairly and sufficiently advised the defendant of "the nature and cause of the accusation against him."

The fact that the one year back of December 23, 1913, when the information was filed would cover a time prior to the enactment and taking effect of the statute, and the further fact that the information did not state that the woman in question was not the defendant's wife, we do not regard as material, for the reason that the time between the taking effect of the act and the filing of the information was sufficient for the admission of proper evidence regardless of the remainder of the time so charged, and for the further reason that the language of the information makes it impossible that the parties in question could have been husband and wife.

The admission of certain evidence touching the conduct of the parties and their manifestations of mutual affection was proper.

The fact that the parties stayed at a certain house as man and wife some seven or eight years prior to the trial, while somewhat remote, was not incompetent, the weight and effect of such fact being for the jury, and

The State v. Ball.

was proper, not for the purpose of proving a different offense but to show the conduct, disposition and inclination of the parties. (*The State v. Ling,* 91 Kan. 647, 651, 138 Pac. 376, and cases cited; *State v. Bridgman,* 49 Vt. 202, 24 Am. Rep. 124; *People v. Skutt,* 96 Mich. 449, 56 N. W. 11; 1 R. C. L., p. 646.)

(See, also, *The State v. Briggs,* 74 Kan. 377, 381, 86 Pac. 447; *The State v. Hetrick,* 84 Kan. 157, 113 Pac. 383; *The State v. Wheeler,* 89 Kan. 160, 165, 130 Pac. 656.)

The admission of evidence touching the reputation of the woman nine and one-half miles from where she was living at the time of the trial was proper, the witness stating that he had lived near her in the country where she formerly lived, and had known her for twenty years. (*The State v. Tawney,* 78 Kan. 855, 99 Pac. 268.)

The remark of the trial court, made in passing on this question, criticizing the decision just cited, was not such as to prejudice the jury against the defendant.

There was testimony to the effect that when the defendant found that his paramour had married he expressed himself very strongly, and said he would kill the husband before he should live with her. It appears, also, that the newly-wedded couple soon separated. The evidence touching these statements was competent for the purpose of showing the sentiments of the defendant towards the bride.

Instruction No. 1 asked for by the defendant was substantially given, and likewise instruction No. 3, while instruction No. 2 that concubinage is an agreement, etc., was properly refused.

The only other error mentioned in the brief is that assigned upon the refusal to set aside the verdict on the ground that it is contrary to law and not supported by the evidence. Without repeating the facts, condi-

tions and circumstances shown by the abstract, it is sufficient to say that the evidence of the relations of the parties, the location of the rooms occupied by them, their conduct and association furnish abundant ground to support the verdict.

The judgment is affirmed.