No. 29,451.

H. Chapman, *Appellant*, v. Wendell Watson, *Appellee.*

(295 Pac. 654.)

Opinion filed February 7, 1931.

*R. L. Hamilton,* of Beloit, for the appellant.

*Paul H. Heinz, M. J. Healy* and *Allen Myers,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Marshall, J.: In this action the plaintiff seeks to recover damages for an assault and battery committed on him by the defendant. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

1. The plaintiff argues that the verdict of the jury, which was in favor of the defendant, was contrary to the evidence. There was evidence which tended to prove that the defendant went to the home of the plaintiff and there attacked him and severely injured him, but there was also evidence which tended to prove that the defendant went to the home of the plaintiff for the purpose of ascertaining the difficulty between them and of effecting an adjustment of the same; that the plaintiff then attacked the defendant;

and that what was done by the defendant was done for the purpose of repelling the attack of the plaintiff. The evidence was conflicting. Under these circumstances the question to be determined by the jury was one of fact, and its finding is conclusive on appeal.

2. Evidence was introduced by the defendant which tended to prove that the plaintiff's general reputation for being quarrelsome and abusive was bad. The plaintiff complains of the admission of that evidence. In *Glahn v. Mastin*, 115 Kan. 557, 223 Pac. 1091, the following language was used in the first paragraph of the syllabus:

"In an action for damages for assault and battery, where the answer pleaded was self-defense and that defendant had used no more force than reasonably appeared to be necessary to protect himself, evidence of plaintiff's reputation as a quarrelsome, dangerous man, a fighter and a user of dangerous weapons, was competent. . . ." (Syl. ¶ 1.)

The answer in the present action alleged:

"That the said plaintiff without any legal cause or excuse wrongfully, maliciously and purposely assaulted this defendant and beat and struck him and bit and lacerated the thumb of this defendant and that said conflict between the said plaintiff and the said defendant was wholly provoked by the conduct of the said plaintiff."

That, in effect, is a plea that what the defendant did was in his defense against the assault of the plaintiff.

In *Spain v. Rakestraw*, 79 Kan. 758, 101 Pac. 466, an action for damages for assault and battery, the syllabus reads:

"This being a case where it was proper to show the character of a party, it was not error, in the circumstances shown, to permit witnesses to answer questions referring in direct terms to his character as a fighting, quarrelsome and vindictive man, as well as questions inquiring what his general reputation was in respect to the qualities named, although the generally approved rule is to restrict such questions to general reputation."

See, also, *Lowrey v. Railway Co.*, 90 Kan. 180, 133 Pac. 719.

The introduction of evidence concerning the plaintiff's general reputation for being quarrelsome and abusive was not sufficiently erroneous to cause the reversal of the judgment.

3. Complaint is made of the cross-examination of the plaintiff. He says that he was compelled to testify to pleading guilty of having made a false tax return by which he withheld $8,000 from taxation. That evidence was introduced for the purpose of impeachment of the plaintiff as a witness and was admissible for that purpose.

The plaintiff also says that court records were placed in evidence regarding the arrest of the plaintiff for using boisterous and threatening language toward one Jessie. The abstract does not support the plaintiff's contention. It recites that—

"Defendant was permitted to ask plaintiff over his objection that it is incompetent, irrelevant, immaterial and not within the issues and calling for a specific instance, if on December 7, 1930, plaintiff was not convicted in justice court of using loud, boisterous and threatening language toward one Jessie— which plaintiff replied that he does not remember a thing about the transaction."

Nowhere in the abstract is it shown that any records concerning this matter were placed in evidence.

No reversible error in the cross-examination of the plaintiff has been shown.

4. The defendant argues that self-defense was not pleaded by the defendant and that for that reason evidence to show self-defense was not admissible. Plaintiff pleaded an assault and battery by the defendant. The material part of the answer has been set out. Self-defense was not specifically pleaded as such. It was a complete defense to the action of the plaintiff. Under the answer the plaintiff was not surprised by being compelled to meet that defense. Amendment of the answer should have been permitted to set up that defense more specifically if permission so to do had been asked. On appeal, it may be considered that the answer was so amended.

The judgment is affirmed.